415 So.2d 761 (1982)
Albert H. BRAMSON, Grace Giunta, Margaret E. Lawrence, and Florence Concannon, Appellants,
v.
BEAU MONDE, INC., a Florida Corporation, Not for Profit, B.F. Aldridge, Jr., William A. Williams, Max Koenigsberg, Alex Rein, Betty Myers, Robert Stubenfall, Sonia J. Geiger, Individually and As the Directors of Beau Monde, Inc., a Condominium Association, U.S. Home, Inc., a Corporation, Port Builders, Inc., a Florida Corporation, and Bay Management, Inc., a Florida Corporation, Appellees.
No. 81-1589.
District Court of Appeal of Florida, Second District.
May 19, 1982.
Rehearing Denied June 25, 1982.
*762 Daniel B. Schuh, St. Petersburg, for appellants.
Peter T. Roman of Dunbar, Dunbar, Roman & Anderson, Dunedin, and William S. Jonassen, Indian Rocks Beach, for appellees.
BOARDMAN, Acting Chief Judge.
Plaintiff/defendant Albert H. Bramson and plaintiffs Grace Giunta, Margaret E. Lawrence, and Florence Concannon appeal a final summary judgment against them in their consolidated cases against appellee/defendant/plaintiff Beau Monde, Inc. and appellees/defendants U.S. Home, Inc., Port Builders, Inc., Bay Management, Inc., and the directors of Beau Monde. We reverse.
Beau Monde, a condominium association, filed a complaint for foreclosure against Bramson and his wife (now deceased) for failure to pay the maintenance fees on their condominium unit. A default judgment was subsequently entered against the Bramsons, but it was vacated on the Bramsons' motion therefor. This court affirmed Beau Monde's appeal. Beau Monde, Inc. v. Bramson, 392 So.2d 75 (Fla. 2d DCA 1980).
Meanwhile, appellants, who are all Beau Monde condominium unit owners, filed a declaratory judgment action against appellees seeking to have Beau Monde's purchase of the common elements from Bay Management or U.S. Home declared ultra vires and to have the lien against Bramson's condominium removed. The two cases were ultimately consolidated.
Thereafter, appellees moved for summary judgment, which was granted. Final judgment was then entered against appellants. This appeal followed timely.
Appellants purchased their separate condominium units at Beau Monde between November 1972 and 1978 inclusive. In purchasing their units, appellants became subject to and possessed of all rights, encumbrances, and liabilities of the declaration of condominium ownership of Beau Monde, the articles of incorporation of Beau Monde, the bylaws of Beau Monde, the maintenance agreement, and a 99-year recreational and garage lease. Each of appellants, upon purchase of his/her condominium unit, was required to sign a pledge agreement to secure his/her obligation as a unit owner under the recreational and garage lease. Both the maintenance agreement and the garage and recreational lease agreement had fixed payments with minor increases on a systematic basis until 1997.
The developer of the condominium complex was U.S. Home. The maintenance contractor is Bay Management, a subsidiary of U.S. Home. The builder was another U.S. Home subsidiary, Port Builders.
Beau Monde was managed by a unit owner board of directors under the aforementioned condominium documents through 1978. Sometime in 1979, negotiations were undertaken by the board of directors of Beau Monde for the purchase of the garage and recreational areas which were leased under the recreational and garage lease. On June 11, 1979, the Beau Monde unit owners were sent a letter from Peter Dunbar, attorney for the board of directors, setting forth the terms of the purchase of the recreational and garage lease property[1] and the termination of the management and maintenance agreements with Bay Management. This letter stated that the directors were not going to call a meeting of the individual condominium unit owners, but were requesting approval by written consent under the provisions of Article V, Section 8 of the bylaws in lieu of a special meeting.
Article V, Section 8 provides:

Waiver and Consent: Whenever the vote of members at a meeting is required or permitted by any provisions of the Statutes or the Certificate of Incorporation or of these By-Laws to be taken in connection with any action of the corporation, *763 the meeting and vote of members may be dispensed with if all of the members who would have been entitled to vote upon the action if such meeting were held shall consent in writing to such action being taken.
Appellants did not consent to such action. No special meeting was called to obtain the consent of the individual unit owners.
The board of directors purchased the garage and recreational lease areas from Port Builders in June 1979. Appellants paid their share of the initial purchase price of the recreational and garage lease areas under protest.
The trial court found that inasmuch as the unit owners did not have veto power over the board of directors' termination of the maintenance agreement or acquisition of the property covered by the recreational and garage lease, the board did not act ultra vires. Due to the express wording of Article V, Section 8 of the declaration of condominium, we cannot agree.
The board sought waiver of a special meeting under this section. While it is unclear whether a meeting was required, a meeting was not precluded, and was therefore permitted, under the bylaws and applicable statutes. Waiver of such a meeting requires the consent of all of the record condominium unit owners to the proposed action. Appellants, all of whom are unit owners, did not consent to the action taken. While less than unanimous consent would have been required under the declaration had a special meeting been held, failure to hold a meeting required strict compliance with the requirements of Article V, Section 8. Those requirements were clearly and indisputably not met here. While the association had the power and authority under the declaration of condominium, articles of incorporation, bylaws of the corporation, and the applicable statutes to purchase the recreational and garage lease and terminate the maintenance agreement, the association did not comply with the declaration of condominium. Failure to meet the requirements of Article V, Section 8 renders the board's termination of the maintenance agreement and acquisition of the property covered by the recreational and garage lease ultra vires and therefore void. See Randall v. Mickle, 103 Fla. 1229, 138 So. 14 (1931).
Accordingly, the final summary judgment in favor of appellees is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
RYDER and CAMPBELL, JJ., concur.
NOTES
[1] Both of these properties were neither included in the condominium property submitted to condominium ownership nor in the purpose clause of the articles of incorporation of condominium association.