DEBRA RAE WOLINSKY, Plaintiff-Appellant, *v.* JOSEPH L. KADISON *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 81—335

Opinion filed March 30, 1983.—Rehearing denied May 26, 1983.

Law Firm of Martin E. Litwin, of Chicago (Alan Michael Katz, of counsel), for appellant.

Pretzel, Stouffer, Nolan & Rooney, Chartered, of Chicago (Robert Marc Chemers and Joseph B. Lederleitner, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

In a three-count amended complaint, plaintiff, Debra Rae Wolinsky, sought damages from defendants, the Ambassador House Condominium Association, its board of directors individually and as the board, Eugene Matanky & Associates, Inc., and Eugene Matanky & Associates Management Corporation, the companies employed to manage the condominium, and Andra Addis, an employee of the management companies. All defendants except Eugene Matanky & Associates, Inc., moved to dismiss the complaint for failure to state a cause of action. The trial court dismissed the complaint. We affirm in part and reverse and remand in part.

In count I of her amended complaint, plaintiff alleged that she owned unit 4D in the Ambassador House Condominium and that she was a member in good standing of the association. She further alleged that in late August 1978, she contracted to purchase unit 21F in the same condominium, and in early September she contracted to sell unit 4D. In late September, the board notified plaintiff that it was exercising its right of first refusal with regard to unit 21F, and the seller of unit 21F then terminated its contract with plaintiff. Plaintiff also alleged that the board had knowledge of the contents of the association's bylaws and that in exercising its right of first refusal, the board acted without the affirmative vote of two-thirds of the total ownership of the common elements as required under the bylaws.

Count II of plaintiff's complaint is predicated upon a violation of the Chicago condominium ordinance which provides, *inter alia*: "No person shall be denied the right to purchase or lease a unit because of race, religion, sex, sexual preference, marital status or national origin." (Municipal Code of Chicago 1978, ch. 100.2, par. 100.2—4.) Plaintiff alleged that defendants violated the ordinance because the

board exercised the right of first refusal on the basis of the condominium management's report to the board that plaintiff is an unmarried female who would occupy unit 21F with her children.

In count III, plaintiff realleged most of the allegations of count I and further alleged that defendants acted with wilful and wanton disregard for the bylaws of the condominium association. Plaintiff attached to the complaint a copy of her contract with the owner of unit 21F and a copy of the association's bylaws.

In determining whether a motion to dismiss a complaint was properly allowed, well-pleaded facts and reasonable inferences which can be drawn therefrom must be accepted as true. (*Panorama of Homes, Inc. v. Catholic Foreign Mission Society, Inc.* (1980), 84 Ill. App. 3d 142, 145, 404 N.E.2d 1104, 1107.) The complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved under the pleadings which would entitle plaintiff to relief. (*Saldana v. American Mutual Corp.* (1981), 97 Ill. App. 3d 334, 336, 422 N.E.2d 860, 862.) Plaintiff argues that the dismissal of her complaint was improper because her complaint stated a cause of action for (1) unreasonable restraint on alienation; (2) violation of the bylaws of the condominium association, which she characterizes as a breach of fiduciary duty; (3) violation of the antidiscrimination section of the Chicago condominium ordinance; and (4) wilful and wanton misconduct.

In response to plaintiff's argument that she stated a cause of action for unreasonable restraint on alienation, defendants first contend that plaintiff lacks standing to complain about the board's exercise of the right of first refusal. Defendants maintain that the restraint on alienation here only involved the rights of the owner of unit 21F to sell that property and that as a prospective purchaser, plaintiff had no interest in unit 21F. We disagree.

In determining whether a party has standing, the primary focus is upon the personal stake in the outcome of the controversy of the person seeking adjudication of a particular issue. (*Weihl v. Dixon* (1977), 56 Ill. App. 3d 251, 253, 371 N.E.2d 881, 883.) Thus, the person seeking to invoke the jurisdiction of the court must have some real interest in the cause of action. (*Weihl v. Dixon* (1977), 56 Ill. App. 3d 251, 253-54, 371 N.E.2d 881, 883.) The standing doctrine is not meant to preclude a valid controversy from being litigated, but rather, to preclude persons having no interest in the controversy from bringing suit. (*Commonwealth Edison Co. v. Community Unit School District No. 200* (1976), 44 Ill. App. 3d 665, 670, 358 N.E.2d 688, 691.) Where the person most directly affected actually has no interest in the con-

troversy, courts have been more liberal in allowing persons indirectly affected to bring suit. *Commonwealth Edison Co. v. Community Unit School District No. 200* (1976), 44 Ill. App. 3d 665, 670, 358 N.E.2d 688, 691.

■ Here, plaintiff has a substantial, real interest because she was unable to purchase the unit for which she had contracted. Moreover, the seller of unit 21F, the party who, according to defendants, would have standing to bring an action for unreasonable restraint on alienation, actually has no interest here since under the condominium declaration, the association as purchaser would be bound to the same terms as plaintiff proposed. Under these circumstances, we believe that plaintiff alleged facts which indicate sufficient interest to withstand a motion to dismiss.

Defendants next turn to the substance of plaintiff's action for unreasonable restraint on alienation, and they argue that the right of first refusal exercised here is a reasonable restraint. Plaintiff contends that a right of first refusal is an unreasonable restraint on alienation when exercised, as it was here, to exclude current members of the association. In other words, plaintiff argues that the restraint here is unreasonable as applied. We believe that plaintiff adequately stated a cause of action under this theory.

■ A board must exercise a right of first refusal reasonably upon consideration of the prospective purchaser's qualifications in light of the economic and social reasons which justify the restraint itself. (See *Logan v. 3750 North Lake Shore Drive, Inc.* (1974), 17 Ill. App. 3d 584, 590, 308 N.E.2d 278, 283.) Thus, a requirement that the right of first refusal be exercised reasonably must be implied. (See *Mowatt v. 1540 Lake Shore Drive Corp.* (7th Cir. 1967), 385 F.2d 135, 137.) The criteria for testing the reasonableness of an exercise of this power by a condominium association are (1) whether the reason for exercising the right of first refusal is rationally related to the protection, preservation or proper operation of the property and the purposes of the association as set forth in its governing instruments and (2) whether the power was exercised in a fair and nondiscriminatory manner. See *Laguna Royale Owners Association v. Darger* (1981), 119 Cal. App. 3d 670, 683-84, 174 Cal. Rptr. 136, 144.

■ Defendants argue that plaintiff's membership in the association does not "confer greater rights" on plaintiff, and that plaintiff stepped out of her role as a member of the association and acted merely as a member of the public when she decided to purchase unit 21F. We find no merit in either contention. Moreover, even if we were persuaded by defendants' arguments, the reasonableness requirement

still applies to defendants' actions. Since plaintiff alleged her membership in the association and the board's exercise of a right of first refusal on the unit she had contracted to purchase, we conclude that plaintiff's complaint stated a cause of action for unreasonable restrain on alienation.

Next, plaintiff argues that her complaint was improperly dismissed since it stated a cause of action for violation of the bylaws of the association, which she characterizes as a breach of fiduciary duty. Plaintiff contends that defendants breached their fiduciary duty when they exercised a right of first refusal without first obtaining the requisite affirmative vote of the ownership. Article I, section 6 of the bylaws provides:

> "The affirmative vote of not less than two-thirds (2/3) of the total ownership of the Common Elements is required in order to approve any of the following proposed action: (1) merger or consolidation of the Association; (2) sale, lease, exchange, mortgage, pledge or other disposition of all, or substantially all of the property and assets of the Association; and (3) the purchase or sale of land or Units on behalf of all Unit Owners."

Defendants argue that the bylaws do not specifically refer to the right of first refusal, and therefore they are inapplicable here. According to defendants, the association's rights and powers emanate from the recorded declaration of condominium ownership. Paragraph 19B of the declaration details the notice procedures regarding "sale, leasing or other alienation" and then provides:

> "During the period of twenty (20) days following receipt by the Board of such written notice, the Board, *on behalf of all remaining Unit Owners*, shall have the first right and option to purchase or lease such Unit (or to cause the same to be purchased or leased by the designee or designees, corporate or otherwise, of the Board) upon the same terms and conditions as stated in the aforesaid notice received by the Board." (Emphasis added.)

We find no merit in defendants' contention.

When a controversy arises as to the rights of a unit owner in a condominium, we must examine any relevant provisions in the condominium enabling statute, consider the declaration, and study the bylaws and attempt to reconcile the three (*Dulaney Towers Maintenance Corp. v. O'Brey* (1980), 46 Md. App. 464, 465-66, 418 A.2d 1233, 1235.) We must construe the declaration, bylaws and statute as a whole. (See *Tiffany Plaza Condominium Association, Inc. v. Spencer* (Fla. App. 1982), 416 So. 2d 823, 826.) Looking first to our condomin-

ium enabling statute, we see no reason to treat the bylaws as inferior to the declaration. The Condominium Property Act sometimes refers to the declaration *or* the bylaws as the place where a particular provision may be found. (See, *e.g.,* Ill. Rev. Stat. 1977, ch. 30, par. 315.) In addition, the Act provides that the administration of every property shall be governed by bylaws. (Ill. Rev. Stat. 1977, ch. 30, par. 317.) We believe that the exercise of a right of first refusal is, at least in some respects, an administrative matter. Thus, we see no reason why the declaration and bylaws here should not be read together to require an affirmative two-thirds vote of the total ownership of the common elements before the board can exercise its right of first refusal in order to purchase a unit on behalf of all remaining unit owners. We believe that the "on behalf of" language in the declaration presupposes some method for determining how the members want the board to act on their behalf. In this case, the method implicit in the declaration is made explicit in the bylaws which require a two-thirds vote. We therefore conclude that under the declaration and the bylaws here, the two-thirds vote requirement applies to the association's exercise of the right of first refusal.

Having determined that under the declaration and bylaws here the two-thirds vote requirement applies to the exercise of a right of first refusal, we next address plaintiff's argument that her complaint stated a cause of action for violation of the bylaws. Specifically, plaintiff maintains that the declaration and the bylaws delineate the scope of the board's authority and that each board member "has a fiduciary duty to implement the will of the members of the association without exceeding its bounds." It is plaintiff's contention that by alleging her membership in the association and the board's failure to comply with the bylaws, she stated a cause of action based upon defendants' breach of a fiduciary duty owed to her as a member. We agree.

A fiduciary relationship exists where there is special confidence reposed in one who, in equity and good conscience, is bound to act in good faith with due regard to the interests of the other. (*Jones v. Eagle II* (1981), 99 Ill. App. 3d 64, 72, 424 N.E.2d 1253, 1259.) We believe that all condominium association officers and board members become fiduciaries to some degree when they take office. (See P. Rohan and M. Reskin, Condominium Law and Practice sec. 10A.06 (1982); Hyatt & Rhoads, *Concepts of Liability in the Development and Administration of Condominium and Home Owners Associations,* 12 Wake Forest L. Rev. 915 (1976).) Because the association officers and board members owe a fiduciary or quasi-fiduciary duty to the members of the association, they must act in a manner reasonably related

to the exercise of that duty, and the failure to do so will result in liability not only for the association but also for the individuals themselves. (See Hyatt & Rhoads, *Concepts of Liability in the Development and Administration of Condominium and Home Owners Associations,* 12 Wake Forest L. Rev. 915, 946 (1976).) We believe that a board's proper exercise of its fiduciary or quasi-fiduciary duty requires strict compliance with the condominium declaration and bylaws. Therefore, when the declaration or bylaws provide procedures to govern board action, those procedures should be followed. (See *Bramson v. Beau Monde, Inc.* (Fla. App. 1982), 415 So. 2d 761 (where the court held that since the board of directors of a condominium association did not comply with the requirements of the condominium declaration, the association's acquisition of property was *ultra vires* and therefore void); *cf. St. Francis Courts Condominium Association v. Investors Real Estate* (1982), 104 Ill. App. 3d 663, 669, 432 N.E.2d 1274, 1277 (where the court held that an attempted amendment to a condominium declaration was ineffective because the procedures set forth in the condominium act and the condominium declaration were not followed).) Here, by virtue of the declaration and bylaws, the board owed a duty to all members of the association to obtain a two-thirds affirmative vote of the ownership of the common elements before exercising a right of first refusal. Since plaintiff alleged that defendants exercised a right of first refusal without first obtaining the requisite affirmative vote of the ownership, we conclude that plaintiff stated a cause of action for breach of a fiduciary duty and that count I of her amended complaint was improperly dismissed.

We next address plaintiff's contention that count II of her amended complaint stated a cause of action for violation of the Chicago condominium ordinance, which prohibits discrimination with regard to the purchase and lease of condominium units. (Municipal Code of Chicago 1978, ch. 100.2, par. 100.2—4.)[1] Plaintiff alleged that the board exercised its right of first refusal because plaintiff is an unmarried female who would occupy unit 21F with her children. Thus, plaintiff seeks damages for discrimination on the basis of her sex and her marital status. Discrimination on either ground is explicitly prohibited by the ordinance. We therefore believe that plaintiff's allegations bring her within the scope of the ordinance.

---

[1]Although plaintiff states in her brief that defendants violated the Chicago Fair Housing Ordinance (Municipal Code of Chicago 1974, ch. 198, par. 198.7B—3), we only consider the antidiscrimination section of Chicago's condominium ordinance, for that was the only ordinance set forth in plaintiff's amended complaint.

■ Defendants maintain that plaintiff failed to state a cause of action under the ordinance because defendants did not refuse to allow plaintiff to purchase unit 21F but merely prevented the seller from selling unit 21F to plaintiff by exercising the right of first refusal. We find no merit in defendant's contention. The antidiscrimination section of the ordinance provides: "No person shall be denied the right to purchase or lease a unit because of race, religion, sex, sexual preference, marital status or national origin." (Municipal Code of Chicago 1978, ch. 100.2, par. 100.2—4.) Plainly, by exercising a right of first refusal, a condominium association prevents a prospective purchaser from buying a unit. We therefore believe that if a right of first refusal is exercised so that a prospective purchaser is unable to purchase a unit because of his or her race, religion, sex, sexual preference, marital status or national origin, the ordinance has been violated.

■ Having concluded that the ordinance would apply to the right of first refusal if it was exercised on the basis of plaintiff's sex or marital status, we next consider whether plaintiff had a cause of action for damages under the ordinance. The ordinance provides:

"*** The rights, obligations and remedies set forth in this chapter shall be cumulative and in addition to any others available at law or in equity. The Department or any prospective purchaser, purchaser or owner of a unit may seek compliance of any provision of this chapter, provided, however, that only the Department may enforce the provisions of Section 100.2—11 [providing for certain penalties for violations]. In any action brought to enforce any provision of this chapter except Section 100.2—11 the prevailing plaintiff shall be entitled to recover, in addition to any other remedy available, his reasonable attorney fees. ***" (Municipal Code of Chicago 1978, ch. 100.2, par. 100.2—10.)

We believe that the broad provision that the remedies under the ordinance be cumulative and in addition to other remedies reflects a legislative intent that actions for damages be available for violations of any section of the ordinance, including the antidiscrimination section. (*Cf. Marshall v. Kansas City* (Mo. 1962), 355 S.W.2d 877, 882-83 (where the court noted that a Kansas City ordinance clearly disavowed "any intent or purpose to create an action for damages by expressly providing that the ordinance 'shall neither add to nor detract from any civil remedies now available to persons subjected to racial discrimination' ").) We conclude that plaintiff adequately stated a cause of action in count II of the amended complaint, and therefore count II was improperly dismissed.

We next address plaintiff's contention that count III of the amended complaint stated a cause of action for wilful and wanton misconduct. In count III, which was directed against all defendants except the association, plaintiff realleged most of count I and added that the defendants acted with wilful and wanton disregard for the bylaws of the condominium association. Defendants argue that since the allegations are identical to those in count I, "the dichotomy in conduct required for the distinction between charges of negligence and wilful and wanton misconduct" has not been met. We disagree.

■ In order to withstand a motion to dismiss, a plaintiff need not set forth evidence which may well be derived from discovery subsequent to the filing of the complaint. (See *Ingram v. Little Company of Mary Hospital* (1982), 108 Ill. App. 3d 456, 459, 438 N.E.2d 1194, 1196.) Since the determination of whether conduct was wilful and wanton requires close scrutiny of the facts of each case, mirror allegations of wilful and wanton misconduct may be sufficient to state a cause of action. (See *O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 468-69, 415 N.E.2d 1015, 1018; *Ingram v. Little Company of Mary Hospital* (1982), 108 Ill. App. 3d 456, 458-59, 438 N.E.2d 1194, 1196.) No pleading is bad in substance where it reasonably informs the opposite party of the nature of the claim. (Ill. Rev. Stat. 1979, ch. 110, par. 42(2).) We believe that in count III plaintiff sufficiently described the actions of the board members and sufficiently informed them of her claim that the actions were intentional or taken with reckless disregard of her rights. We conclude that plaintiff adequately alleged that the board members were guilty of wilful and wanton misconduct.

■ However, as to defendants Addis and Eugene Matanky & Associates Management Corp., we believe that count III was properly dismissed. The factual allegations in count III, accomplished through the incorporation of most of the factual allegations of count I, do not refer to these defendants or to any action taken by them. These defendants and their acts were only described in count II of the complaint, and count II was not incorporated in count III. We cannot overlook this defect in count III by referring to other counts not expressly incorporated therein. (See *Ingram v. Little Company of Mary Hospital* (1982), 108 Ill. App. 3d 456, 458, 438 N.E.2d 1194, 1196.) Plaintiff requests as an alternative to dismissal that she be granted leave to amend her complaint, but she does not specify any basis for amendment, and we therefore decline to exercise our discretion to allow count III to be amended under Supreme Court Rule 366(a)(1). 87 Ill. 2d R. 366(a)(1).

For the foregoing reasons, that portion of the judgment dismissing count III of plaintiff's amended complaint against defendants Addis and Eugene Matanky & Associates Management Corp. is affirmed. That portion of the judgment dismissing counts I and II and dismissing count III against defendant board members is reversed, and the cause is remanded for further proceedings.

Affirmed in part and reversed and remanded in part.

McGILLICUDDY, and WHITE, JJ., concur.