**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240122-U

Order filed July 10, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| RICARDO DU BOIS, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-24-0122 |
| | ) | Circuit No. 21-CH-220 |
| SHERWOOD COMMONS TOWNHOME | ) | |
| OWNERS ASSOCIATION, INC., | ) | Honorable |
| | ) | John C. Anderson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE PETERSON delivered the judgment of the court.
Presiding Justice Brennan and Justice Bertani concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The court did not err by granting summary judgment in favor of unit owner on unit owner's claims and removing the Association's lien. The court erred by granting summary judgment in favor of unit owner on the Association's counterclaims, as there are genuine issues as to material facts regarding those claims.

¶ 2     Defendant, Sherwood Commons Townhome Owners Association, Inc. (Association) appeals the Will County Circuit Court's order granting summary judgment in favor of Plaintiff, Ricardo Du Bois, on Du Bois's claims and the Association's counterclaims. The Association

argues that the court erred by finding that the Condominium Property Act (Condominium Act) (765 ILCS 605/1 *et. seq.* (West 2020)) applied to the Association in this case. It further argues that there was not sufficient evidence to find a breach of fiduciary duty by the Association. Lastly, the Association argues that a judgment and eviction order should have been entered in its favor because Du Bois failed to sufficiently rebut that amounts were due and owing. We affirm in part, reverse in part, and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        In May 2018, the Association filed a complaint against Du Bois, alleging causes of action for possession under the Forcible Entry and Detainer Act (735 ILCS 5/9-101 *et. seq.* (West 2018)) due to unpaid assessments and breach of contract for failing to pay his share of the common expenses. *Sherwood Commons Townhome Owners Ass'n, Inc. v. Du Bois*, 2020 IL App (3d) 180561, ¶ 3. Attached to the complaint were two ledgers. *Id.* ¶ 4. One ledger was from American Utility Management (AUM) and listed monthly statement charges and late payment charges for Du Bois's unit. *Id.* The other was a financial transactions ledger from the Association that included charges listed as assessments, attorney fees, late fees, and collection fees. *Id.* Testimony established that the AUM charges were for the water bill. *Id.* ¶ 7. Defendant disputed that the water bill was an assessment or common expense and disputed the amount owed. *Id.* ¶ 8. The court ruled in favor of defendant and found that the water bill was not an assessment. *Id.* ¶ 11. The court stated that it did not rule defendant did not owe the water bill and that the Association could go after him to make sure he paid the water bill if it was owed to them. *Id.* ¶ 11. The court found in favor of defendant on the factual disputes over the water bill. *Id.* ¶ 12. The court also indicated that as of December 9, 2017, the amount of assessments owed by defendant was $0. *Id.* ¶¶ 7, 11. On appeal, this court affirmed. *Id.* ¶ 35. This court found that the

2

Condominium Act applied, as the Association's own declaration stated it was adopted pursuant to the Condominium Act. *Id.* ¶ 19. The court stated that to prevail, the Association needed to prove (1) common expenses or other expenses lawfully agreed to were owed, (2) Du Bois failed to pay, and (3) the amount owed. *Id.* ¶ 21. It then noted that the circuit court had found that the Association failed to establish the water bill was an assessment and failed to establish the amount owed, as it found in favor of Du Bois on that factual dispute. *Id.* ¶ 23. The court determined the trial court findings were not against the manifest weight of the evidence. *Id.* ¶ 24. This court stated that the record was devoid of any evidence as to how Du Bois owed the Association for the water bill. *Id.* Therefore, the court upheld the circuit court's ruling on the breach of contract claim for essentially the same reasons. *Id.* ¶¶ 32-33.

¶ 5        On June 8, 2021, Du Bois filed a complaint against the Association in the instant action. He alleged that the Association improperly placed a lien on his property for assessments, attorney fees, and costs that arose from the prior lawsuit. Du Bois set forth a cause of action for breach of fiduciary duty under the Condominium Act, which provided that in the performance of their duties, board members shall exercise the care required of a fiduciary of the unit owners. He also set forth a cause of action for breach of fiduciary duty regarding the bylaws. Under both causes of action, he alleged that the Association breached its fiduciary duty by placing a lien on his unit with no legal basis and that the claim for assessments, attorney fees, and costs was made in bad faith. In count III of his complaint, Du Bois also sought a permanent injunction requiring the Association to remove the lien, as he argued the lien was a cloud on his title and would impede his ability to sell the property for fair market value. The Association filed an answer, affirmative defenses, and counterclaims. The Association argued in its affirmative defenses that the breach of fiduciary duty claims were barred by the business judgment rule. The Association

3

set forth causes of action for possession, assessments, common expenses, and breach of declaration of easements, restrictions and covenants. The Association alleged that Du Bois owed common expenses, including late charges, interest, fines and chargebacks, in the sum of $13,085.28. The Association also sought attorney fees and costs.

¶ 6    In October 2023, the Association filed a motion for summary judgment. In its summary of uncontested facts, the Association alleged that in December 2020, the Association's board of directors approved a resolution to clarify that water and sewer charges are collectable in the same manner as assessments or other common expenses. The Association also alleged that it recorded a lien against Du Bois's property in the amount of $10,250.35, which was comprised of unpaid common expenses, including assessments, water charges, late fees and attorney fees and costs. The Association argued that Du Bois could not show that a fiduciary duty existed because the Condominium Act did not apply because it is a townhome association. Additionally, the Association argued that Du Bois could not show a breach of fiduciary duty because, in a prior action between the parties, the court acknowledged that amounts remained due even though Du Bois could not be evicted for such unpaid amounts. Further, the Association argued that any claim for breach of fiduciary duty must overcome the business judgment rule, which recognizes that absent bad faith, fraud, illegality or gross overreaching, courts cannot interfere with the exercise of business judgment by corporate directors. The Association also argued that its amended and restated declaration, which Du Bois referred to as bylaws, did not create a fiduciary duty to defendant and instead provided the Association a manner to enforce its duty to collect common expenses from a delinquent owner. As to Du Bois's request for injunctive relief, the Association argued that he could not obtain injunctive relief unless he prevailed on an underlying cause of action.

4

¶ 7        As to its counterclaims, the Association directed its attorney to start a collection action since defendant had amounts that were due and owing. Defendant received a notice and demand for possession, which included amounts owed from the prior eviction action, including assessments, late fees, water charges, attorney fees and court costs. The Association filed its counterclaims when payment was not received. The Association argued that its declaration, as well as the Condominium Act, require unit owners to pay their proportionate share of common expenses. It alleged Du Bois failed to comply with this requirement and thus, it was entitled to the assessments as a matter of law. The Association attached an account history indicating the amounts it claimed were owed. The Association also argued it was entitled to a legal fee of $132 related to the review of a foreclosure action filed against Du Bois and the Association related to the property. (The Association did not state who or what entity filed the foreclosure action against Du Bois and the Association and it is unclear what foreclosure action this allegation was referencing.) The Association argued it was entitled to this fee pursuant to its governing documents and the Condominium Act. The amounts due and owing also included late charges, which the Association argued were assessed pursuant to its governing documents. The Association further argued that it was entitled to attorney fees because its declaration provides for the award of attorney fees incurred to collect unpaid assessments. The Association had resolved that water and sewer charges were considered assessments. The Association also argued that section 9-111 of the Illinois Code of Civil Procedure (735 ILCS 5/9-111 (West 2018)) provided that expenses incurred by the Association in an eviction action were to be assessed against the unit owner, and that it was entitled to its attorney fees incurred in the prior action. Additionally, the Association argued it was entitled to the attorney fees incurred in this action.

The Association requested judgment in the amount of $2,760.50 in common expenses, an eviction order, and attorney fees and costs from both the prior eviction case and the instant case.

¶ 8　　　The exhibits to the motion included an affidavit from Jules Staley, who identified herself as an employee of the managing agent for the Association. She stated that she was familiar with the books and records of the Association. Staley also stated that the Association "is a condominium association." She averred that as of October 4, 2023, Du Bois owed $2,760.50 in common expenses related to this case and the prior eviction case, exclusive of attorney fees and costs. She stated that Exhibit 4 attached to her affidavit was an accurate representation of the amounts owed. This exhibit covered dates from July 31, 2017, to October 13, 2023, and showed a balance of $2,760.50. Additionally, she stated that Exhibit 5 reflected the amounts of water and sewer charges owed. This exhibit showed a balance of $0. The declarations attached to the affidavit provided in section 4.01 that assessments, together with interest and costs of collection, shall be a charge and continuing lien. Section 4.08 provided that in the event of nonpayment, the Association may bring an action against the unit owner and recover the assessments due "including interest, costs and reasonable attorney's fees for any such action, which shall be added to the amount of such assessment and included in any judgment rendered in such action." Section 9.03 provides for enforcement of the covenants and restrictions contained in the declaration by the Association or unit owners through a proceeding at law or in equity. The affidavit also attached a copy of the resolution to treat water and sewer charges as assessments, which was adopted on December 18, 2020. Additionally, the motion attached two separate affidavits of attorney fees along with billing statements, one for fees incurred in the prior eviction action ($8,701) and one for fees incurred in the instant action ($26,069).

¶ 9        Du Bois also filed a motion for summary judgment. In the statement of facts, he set forth that on July 21, 2020, the Association recorded a lien on his unit in the amount of $10,250.35, plus costs and attorney fees. The lien indicated it included assessments, costs and attorney fees. Du Bois pointed out that in December 2020, after the Association recorded its lien against Du Bois, it amended its bylaws to state that the water bills would be treated as common expenses or assessments. He alleged that the Association sent him a notice on January 28, 2021, stating that he owed assessments and legal fees in the amount of $14,300.06 that were owed since August 4, 2017. Du Bois attached a copy of this notice as an exhibit. Du Bois alleged that since he filed the instant lawsuit, the Association had refused to accept payment for any regular assessments that he undisputedly owed. Du Bois attached his affidavit attesting to this fact as an exhibit to the motion. He further alleged that the Association claimed attorney fees for the collection of said assessments and charged late fees even though he had tried to make the payments. Du Bois also stated that he had become current on all water assessments as of June 2021, and attested to this fact in his affidavit.

¶ 10       Du Bois argued that the Association owed him, as a unit owner, a fiduciary duty which required it to strictly comply with its declarations and bylaws. He argued that the Association breached this duty by attempting to collect amounts, as assessments from him when a court had already determined that he did not owe those amounts to the Association. Essentially, Du Bois argued that the January 2021 notice made it clear that the amounts contained in the lien included amounts which the court, in the prior lawsuit, had already determined were not assessments or had already been paid. He argues that the Association's amendment to include the water charges as assessments or common expenses cannot be applied retroactively to the water charges incurred prior to the amendment. Additionally, Du Bois argued that attorney fees were not

7

properly included because the Association did not prevail in the prior lawsuit. Du Bois argued that the Association's conduct was not protected by the business judgment rule. Du Bois further argued that the Association breached its fiduciary duty with respect to the Association's declarations because the declarations only allowed it to recover attorney fees for collecting assessments and the court ruled the water charges were not assessments. As such, he argued that there was no basis to place a lien on his unit for assessments and attorney fees. As to the Association's counterclaims, Du Bois argued that the Association was silent as to when Du Bois had become delinquent on assessments but that the exhibits showed that it was claiming assessments beginning August 4, 2017. He argued this was improper because the court in the prior lawsuit determined he owed no assessments as of December 9, 2017, and that the water charges were not assessments. Du Bois argued that *res judicata* prevented the Association from claiming any amounts adjudicated in the prior lawsuit in the instant case.

¶ 11        Du Bois filed a response to the Association's motion for summary judgment, which largely reiterated the arguments in his own motion for summary judgment. Additionally, he argued that the Association's motion failed to provide any evidence or legal citation showing (1) it was justified in charging fees and costs to him when a court in a prior lawsuit found he was not in default and did not award the Association fees and costs; or (2) that the amendment to the declarations applied retroactively, to allow the association to collect the prior water charges and charge Du Bois with fees related to collecting those amounts. Du Bois also argued that despite the Association's arguments to the contrary, it was subject to the Condominium Act, as this court had previously held. Additionally, Du Bois argued that the business judgment rule did not apply and the Association could not argue it relied on the advice of counsel in recording the lien because its affidavits did not attest to seeking the advice of counsel prior to recording the lien.

8

Further, Du Bois argued that the Association knew the court in the prior action did not award any damages, court costs, or attorney fees, yet continued to attempt to seek those funds from him in bad faith. He also argued that the lien was an improper cloud on the title to his unit and this damage is readily apparent such that he did not need evidence from an expert on this issue. As to the Association's counterclaims, Du Bois argued that the amount it claimed Du Bois owed included improper amounts such as attorney fees for the prior lawsuit. Additionally, Du Bois argued that the Association refused to accept undisputed assessments from him and has charged late fees and attorney fees related to those amounts. He argued there were multiple disputes of material fact, such that summary judgment in favor of the Association on its counterclaims was improper.

¶ 12   The Association filed a response in opposition to Du Bois's motion, which largely reiterated the arguments set forth in its own motion. Additionally, the Association argued that *res judicata* did not apply because there was no identity of action. In the prior lawsuit, the court ruled that Du Bois could not be evicted, not that he did not owe the water bill. Also, the Association argued that there was no identity of action because there was a continuing course of conduct by Du Bois, having an ongoing balance on his assessment account since November 2017. The Association admitted that as of October 4, 2023, Du Bois was current through September 2023 on his water charges.

¶ 13   Both parties filed replies in support of their respective motions for summary judgment. The court held a hearing on the motions and took the matter under advisement. The court issued a written order granting Du Bois's motion for summary judgment for the reasons advanced by him in his briefs. The court found that the lien on Du Bois's unit was improper and extinguished it. The Association moved for clarification of the order as it alleged the order did not address its

9

counterclaim. The court granted the motion to clarify and stated that the prior order inadvertently omitted the finding that the court found in favor of Du Bois on the counterclaims. The Association appeals.

¶ 14                                    II. ANALYSIS

¶ 15        The Association first argues that the Condominium Act does not apply. However, this court has already determined otherwise in the prior action between the parties (see *Sherwood Commons Townhome Owners Ass'n, Inc. v. Du Bois*, 2020 IL App (3d) 180561, ¶ 19). As such, the Association is precluded from relitigating this issue. See *In re Huron Consulting Group, Inc., Shareholder Derivative Litigation*, 2012 IL App (1st) 103519, ¶ 22 ("Collateral estoppel, or issue preclusion, prevents relitigation of issues of law or fact that have previously been litigated and decided in an action involving the same parties or their privies."). Notably, the Association, through Staley's affidavit, admitted that it was a condominium association which makes the Condominium Act applicable. See 765 ILCS 605/2.1 (West 2020) (stating that "the provisions of this Act are applicable to all condominiums in this State"). Thus, the association's argument in this regard in clearly baseless.

¶ 16        Next, the Association argues that Du Bois should not have been granted summary judgment because the Association did not owe Du Bois a fiduciary duty and, even if it did, it did not breach the duty. The Association argues that in the prior lawsuit the court acknowledged that Du Bois owed payment for the water charges. Additionally, since Du Bois owed payment for such charges, any attorney fees incurred in attempting to collect those charges are properly charged to Du Bois. Further, the Association argues that since there was no breach of fiduciary duty, Du Bois could not prevail on the breach of fiduciary duty causes of action. Thus, Du Bois

10

was not entitled to an injunction, as a prayer for an injunction is not a free standing cause of action but instead is a remedy.

¶ 17     "Summary judgment should be granted only where the pleadings and supporting documents, when viewed in the light most favorable to the nonmoving party, show that there is no genuine issue as to any material fact and that the moving party is clearly entitled to a judgment as a matter of law." *Sandlin v. Harrah's Illinois Corp.*, 2016 IL App (3d) 150018, ¶ 10. "Summary judgment should not be granted if the material facts are in dispute or if the material facts are not in dispute but reasonable persons might draw different inferences from the undisputed facts." *Id.* "Although summary judgment is to be encouraged as an expeditious manner of disposing of a lawsuit, it is a drastic measure and should be allowed only where the right of the moving party is clear and free from doubt." *Id.* Orders granting summary judgment are reviewed *de novo*. *Olson v. Williams All Seasons Co.*, 2012 IL App (2d) 110818, ¶ 23.

¶ 18     A fiduciary duty is a "duty of utmost good faith, trust, confidence, and candor owed by a fiduciary *** to the beneficiary" and a "duty to act with the highest degree of honesty and loyalty toward another person and in the best interests of the other person." Black's Law Dictionary (12th ed. 2024). " 'A fiduciary relationship exists where there is special confidence reposed in one who, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing the confidence.' " *Boucher v. 111 East Chestnut Condominium Ass'n, Inc.*, 2018 IL App (1st) 162233, ¶ 34 (quoting *Martin v. Heinold Commodities, Inc.*, 163 Ill. 2d 33, 45 (1994)). The Condominium Act provides that "[i]n the performance of their duties, the officers and members of the board *** shall exercise the care required of a fiduciary of the unit owners." 765 ILCS 605/18.4 (West 2020). "[E]ach board member *** has strict duties to treat the unit owners 'with the utmost candor, rectitude, care,

loyalty, and good faith—in fact to treat [them] as well as [he] would treat himself.' " *Boucher*, 2018 IL App (1st) 162233, ¶36 (quoting *Burdett v. Miller*, 957 F. 2d 1375, 1381 (7th Cir. 1992)). "Because the association officers and board members owe a fiduciary or quasi-fiduciary duty to the members of the association, they must act in a manner reasonably related to the exercise of that duty, and the failure to do so will result in liability not only for the association but also for the individuals themselves." *Wolinsky v. Kadison*, 114 Ill. App. 3d 527, 533-34 (1983). "[A] board's proper exercise of its fiduciary or quasi-fiduciary duty requires strict compliance with the condominium declaration and bylaws." *Id.* at 534.

¶ 19      The business judgment rule protects directors from liability for honest mistakes in judgment. *Wolinsky v. Kadison*, 2013 IL App (1st) 111186, ¶ 62. "Absent evidence of bad faith, fraud, illegality, or gross overreaching, the courts will not interfere with the exercise of business judgment by corporate directors." *Id.* "However, if board members have failed to exercise due care, then they may not use the business judgment rule as a shield for their conduct." *Palm v. 2800 Lake Shore Drive Condominium Ass'n*, 2014 IL App (1st) 111290, ¶ 111. "One component of due care is that directors must inform themselves of material facts necessary for them to properly exercise their business judgment." *Goldberg v. Astor Plaza Condominium Ass'n*, 2012 IL App (1st) 110620, ¶ 64. In that regard, "if a board seeks legal advice before reaching its decision and relied on that advice in reaching its decision, it will be found to have properly exercised its business judgment." *Palm*, 2014 IL App (1st) 111290, ¶ 112.

¶ 20      After reviewing the record, we conclude that the summary judgment in favor of Du Bois on the breach of fiduciary duty claims was appropriate, as the Association breached its fiduciary duty and the business judgment rule does not shield it from liability. Here, it was undisputed that the Association's lien was in part based upon, what it asserts were assessments, that were

12

involved in the prior litigation and in large part on attorney fees incurred in the prior litigation. In that prior litigation, the court made clear that: (1) the water charges were not "assessments"; (2) the Association had not shown that the water charges were owed to it; and (3) the Association had not established the amount of water charges allegedly owed. Additionally, as to the actual assessments, the court found there was a balance of zero. Essentially, the court found that the Association had not proven a default in payment of assessments or expenses owed to it under its declarations. The Association had requested, but was not awarded, any attorney fees. The declarations and the Condominium Act may allow attorney fees when incurred due to default or failure to pay assessments (see 765 ILCS 605/9.2(b) (West 2020)). However, the Association incurred the fees in litigation, in which the court determined the Association failed to prove a default or failure to pay assessments. As such, those fees were not recoverable and could not form the basis of a lien on Du Bois's unit. Additionally, although the Association argues that it amended its declarations so that the water charges are treated as assessments, it did not do so until months after it placed the lien on Du Bois's property. The amendment did not retroactively turn the water charges that had already been incurred into assessments. Even if it could, the Association had not passed the amendment when it placed the lien on Du Bois's unit. This highlights the bad faith nature or gross overreach in placing the lien on Du Bois's unit.

¶ 21        We note that this is a highly unusual situation with a very unique set of circumstances, where the Association essentially ignored the fact that it lost the prior action against Du Bois. The Association further ignores the trial court and appellate court orders, wherein it was determined the Association failed to prove Du Bois owed the Association for any water bills or that he owed any outstanding assessments. Additionally, the Association requested attorney fees in that action and none were awarded. In other words, that request was denied. Thus, the court

13

made clear that Du Bois did not owe any attorney fees from that litigation to the Association. However, the Association placed a lien on Du Bois's unit for such fees. Moreover, the Association failed to present any evidence that its decision to place the lien on Du Bois's unit was the result of the advice of counsel. Again, we reiterate that this is an extremely unusual case and that it will rarely be considered a breach of fiduciary duty on the part of an Association to attempt to collect amounts it believes are due and owing from a unit owner. However, in this case, the Association's actions in placing a lien on Du Bois's unit when it could not in good faith believe it had the legal authority to take such action, and without any evidence it was done on the advice of counsel. This rose to the level of a breach of fiduciary duty.

¶ 22        Additionally, as to the Association's argument that Du Bois's count for an injunction could not be a stand-alone cause of action and instead was only a remedy, we note that the allegations of Du Bois's complaint, his request for a permanent injunction removing the lien, and arguments in his motion for summary judgment make clear that Du Bois was making a claim that the lien constituted an improper cloud on the title to his property. In essence, although Du Bois did not explicitly state he was alleging a cause of action to quiet title to his property, that is exactly what the allegations and count III of his complaint set forth. See *e.g.*, *In re Haley D.*, 2011 IL 110886, ¶ 67 (stating that "when analyzing a party's request for relief, courts should look to what the pleading contains, not what it is called"); see also *Mitchell v. Norman James Construction Co.*, 291 Ill. App. 3d 927, 941 (1997) (finding that a complaint which alleged facts that support an inference that a lien constituted an invalid cloud on the title to property stated a cause of action to quiet title). In a quiet title action, a party seeks to remove a cloud on the title to his property. *Gambino v. Boulevard Mortgage Corp.*, 398 Ill. App. 3d 21, 52 (2009). "A cloud on title is the semblance of title, either legal or equitable, appearing in some legal form but which

14

is, in fact, unfounded or which it would be inequitable to enforce." *Id.* Here, as set forth in paragraph 20 *supra*, the lien against Du Bois's unit was improper. Thus, he was entitled to have it removed and would be entitled to summary judgment on a quiet title claim.

¶ 23        The Association next argues that summary judgment should have been granted in its favor on its counterclaims, or at the very least, summary judgment should have been denied in favor of Du Bois because there were disputed issues of material fact. We agree that disputed issues of material fact should have precluded summary judgment on the Association's counterclaims. The Association alleged that it was owed assessments and late fees and submitted some documentary evidence to substantiate those claims. However, those documents simply stated there were assessments and late fees owed with some of those fees going back to dates covered by the prior lawsuit. It is unclear if these amounts were truly assessments or the water charges, and although the Association amended its declarations to include water charges as assessments, that was only as of December 2020 such that no prior water charges could be considered assessments. Further, Du Bois alleged, and attested in his affidavit, that he attempted to pay the undisputed assessments but that the Association refused to accept payment and then attempted to charge late fees and attorney fees for attempting to collect said assessments. As there are genuine issues of material fact surrounding what, if anything, was owed by Du Bois, summary judgment was improper. Specifically, there are factual issues concerning what, if any, common expenses, assessments, and/or late fees were owed by Du Bois. Additionally, if any amounts were owed, whether the Association is entitled to any of the attorney fees it incurred, subsequent to the prior litigation, in attempting to collect those amounts. We therefore reverse summary judgment in favor of Du Bois on the Association's counterclaims and remand for further proceedings on said claims.

15

¶ 24                                    III. CONCLUSION

¶ 25        The judgment of the circuit court of Will County is affirmed in part, reversed in part and the matter remanded for further proceedings.

¶ 26        Affirmed in part and reversed in part.

¶ 27        Cause remanded.