DONALD E. WEIHL, Plaintiff-Appellant, *v.* ALAN J. DIXON, Secretary of State, Defendant-Appellee.

Fifth District  No. 77-120

Opinion filed December 20, 1977.

Donald E. Weihl, of Belleville, for appellant, *pro se.*

William J. Scott, Attorney General, of Chicago (Gregory G. Lawton, Assistant Attorney General, of counsel), for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Plaintiff, Donald E. Weihl, filed an amended complaint for a declaratory judgment in the circuit court of St. Clair County against defendant, Illinois Secretary of State. From the judgment entered by the court in favor of defendant, plaintiff brings this appeal.

Plaintiff is an attorney engaged in the representation of certain unnamed "one man" Illinois corporations. As a part of his practice of law, plaintiff files required annual reports with defendant on behalf of his clients. In 1976, with regard to Illinois corporations with one shareholder and incorporator, the defendant instructed his office not to accept annual reports filed by such corporations which fail to show a corporate officer designated as "secretary." Such action was based upon section 43 of the Business Corporation Act (Ill. Rev. Stat. 1975, ch. 32, par. 157.43) which provides that the officers of a corporation shall consist of a president, certain other officers and a secretary and that if the corporate by-laws so provide, "two or more offices may be held by the same person, except the offices of president and secretary." As a consequence of defendant's directive, those annual reports filed by plaintiff on behalf of his clients which failed to show a corporate officer designated as "secretary" were not accepted by defendant.

Plaintiff brought the instant action seeking a declaration that any corporation with one shareholder which was incorporated pursuant to section 46 of the Business Corporation Act (Ill. Rev. Stat. 1975, ch. 32, par. 157.46), which permits the formation of a corporation by a single incorporator, need not hire another person to serve as a secretary thereof. Defendant filed a motion to dismiss the cause which motion was denied. Thereafter defendant filed an answer raising *inter alia* as affirmative defenses grounds similar to those raised in the motion to dismiss. A stipulation of facts was filed by the parties framing four questions of law to be determined by the lower court: (1) whether an Illinois corporation with one shareholder must have a person to serve as secretary who is not the same person who holds the office of president; (2) whether the instant cause is a proper class action; (3) whether plaintiff has standing to bring the instant suit; and (4) whether an appeal from the determination of the Secretary of State underlying the first issue may only be had pursuant to section 148 of the Business Corporation Act (Ill. Rev. Stat. 1975, ch. 32, par. 157.148).

The stipulation of facts was taken under advisement by the trial court which then entered judgment in favor of defendant and against plaintiff

"on all issues." The judgment of the court, however, contained an additional order which was subsequently amended on defendant's motion to modify and which states, as amended:

> "It is further ordered that all corporations having had corporate Annual Reports for the year 1976 returned by the Secretary of State of Illinois for the correction of adding a 'Secretary' in the case of corporations with one shareholder and incorporator that were subsequently dissolved pursuant to Section 82A of 'The Business Corporation Act' of the State of Illinois, be reinstated without penalty or cost other than the ordinary statutory filing fees and franchise taxes, said reinstatement by the Secretary of State of Illinois to be made upon production to said Secretary of State of a certified copy of this Amended Order within 30 days hereof and upon compliance with all other applicable statutes."

It is to be noted that despite the anomaly of the amended judgment order finding in favor of defendant on all issues and further ordering defendant to reinstate a certain class of dissolved corporations, defendant has not appealed from the latter portion of the judgment order. In this appeal, plaintiff raises the sole question of whether an Illinois corporation with one shareholder must have a person serving as a secretary who is not the same person who is serving as president. However, we find dispositive the defendant's response that plaintiff lacks standing to bring this action.

■■ As stated by the court in *Lynch v. Devine*, 45 Ill. App. 3d 743, 747-48, 359 N.E.2d 1137, 1140:

> "The doctrine of standing, simply stated, requires that a party seeking relief from the courts must allege some injury in fact to some substantive, legally-protected interest of his, which is a right or interest either recognized by common law or created by statute. (See 59 Am. Jur. 2d *Parties* §§26-29 (1971).) The doctrine is used to insure that the courts are available to decide actual, specific controversies between the parties and are not overwhelmed in the mire of abstract questions, moot issues, or cases brought on behalf of other parties who do not desire judicial aid. *Flast v. Cohen* (1968), 392 U.S. 83, 99-100, 20 L. Ed. 2d 947, 961-62, 88 S. Ct. 1942."

See also *Fuchs v. Bidwell*, 65 Ill. 2d 503, 359 N.E.2d 158.

■■ Article 6, section 9 of the Illinois Constitution of 1970 states in part: "Circuit Courts shall have original jurisdiction of all justiciable matters * * *." Standing is an aspect of justiciability in which the primary focus is upon the personal stake in the outcome of the controversy of the person seeking the adjudication of a particular issue. (*Flast v. Cohen.*) The person seeking to invoke the jurisdiction of the court must have some real interest in the cause of action, or a legal or

equitable right, title or interest in the subject matter of the controversy. (59 Am. Jur. 2d *Parties* §26 (1971).) A sufficient interest in the actual controversy is equally a prerequisite for a person to maintain an action for a declaratory judgment (Ill. Rev. Stat. 1975, ch. 110, par. 57.1), and where such an interest is lacking, the plaintiff does not have standing to bring the action (*Clark Oil & Refining Corp. v. City of Evanston,* 23 Ill. 2d 48, 177 N.E.2d 191).

■■ In the case at bar, the record shows no more but that plaintiff is an attorney who has attempted to file annual reports with defendant *on behalf of his clients.* The instant action, however, was not brought by any of his clients but was brought by plaintiff *in his own behalf.* While plaintiff argues that there exists an actual controversy, the question to be decided is whether the controversy exists between plaintiff himself and defendant. In his reply brief plaintiff states:

> "[T]he future course of conduct of Plaintiff and other attorneys in Illinois will be affected by the outcome of this litigation in a clear and positive way. The matter will be disposed of without waiting for a litigant willing to fight city hall by bringing suit against the Secretary of State."

Where a legal controversy exists which affects the professional activity and business of an attorney, does the attorney *qua* attorney obtain a personal stake therein sufficient to support his own standing to bring suit? We find that an affirmative answer to this question is wholly untenable. In arguing that he is "interested" in the construction of the statutes here involved because such would affect the future course of his conduct as an attorney, plaintiff would have us presume that such statutes and indeed, all law, exists for the professional and pecuniary benefit of plaintiff as an attorney and all other attorneys. It does not. The function of law is the regulation of the conduct of society and it is enacted and enforced for the benefit of society not for the benefit of those who minister it. While a particular rule of law may affect the professional activities of an attorney, the admission to the bar creates no right, title or interest to the law itself. Rather, the interest obtained by the admission to the Illinois Bar is the legally protected privilege to practice law in every court in Illinois. (Ill. Rev. Stat. 1975, ch. 110A, par. 701.) While this interest could be injured where the privilege to practice law is abridged or denied, plaintiff here does not and could not contend that the door to any court in this State has been unlawfully closed to him or will be by the actions of the defendant. Plaintiff, however, claims a benefit in not having to wait for a "litigant willing to fight city hall" and, no doubt, actions such as the instant one could eliminate for the attorney some of the uncertainties inherent in the practice of law. But any such benefit derived by the attorney from the outcome of the actual controversy is entirely too remote to support

standing to bring suit. Moreover, that the instant action involves questions directly affecting the interests of plaintiff's clients can give him no more right, title or interest in the subject matter of the controversy than a physician would have to the body of his patient. No annual report of plaintiff's was refused by defendant but only those of plaintiff's clients. It is they whose rights were allegedly infringed and thus it is they who must seek redress. Plaintiff may not invoke a remedy on behalf of others who do not seek or desire it. Consequently we find plaintiff lacks standing to bring the instant action.

We note that despite the denial of defendant's motion to dismiss the cause wherein the issue of standing was first raised, the question was again raised in defendant's pleading and the stipulation of facts. Subsequently the trial court determined the issue against plaintiff. Having so decided, the court should have refrained from deciding the merits of the action or from entering its further order as amended requiring defendant to reinstate a certain class of dissolved corporations but instead the court should have dismissed the action. For the foregoing reasons, we reverse the judgment entered by the circuit court of St. Clair County and remand with directions to dismiss the cause.

Reversed and remanded with directions.

G. J. MORAN and KARNS, JJ., concur.