O.K. ELECTRIC COMPANY, INC., Plaintiff-Appellant, *v.* FRANK FERNANDES, d/b/a Creative Home Builders, Defendant-Appellee.

Second District   No. 82—276

Opinion filed December 30, 1982.

Donald J. Hennessy, Brien J. Nagle, and Kathleen C. West, all of Nadelhoffer, Hennessy, Dommermuth & Brestal, of Naperville, for appellant.

Gary L. Taylor, of Rathje, Woodward, Dyer & Burt, of Wheaton, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff O.K. Electric Company, Inc. (O.K. Electric) appeals from an order entered February 4, 1982, dismissing Frank Fernandes, d/b/a Creative Home Builders (Fernandes), as a defendant and substituting T.D.B.J.M., Inc., and from an order entered March 11, 1982, denying its motion to set aside the February 4 order.

O.K. Electric filed an action against Fernandes for breach of contract for electrical services. The complaint alleged in count I that electrical services were performed at various specific locations "at the special insistence and request" of Fernandes for which he promised to pay certain specified sums. The complaint further alleged partial payment and a balance due of $9,273.42. Count II realleged the above transactions, referred to an attached copy of an itemized bill to Creative Home Builders showing a balance due of $9,273.42, alleged that there was an "account stated," and prayed for relief in the same amount.

Prior to answering, Fernandes filed a motion to dismiss under section 45 of the Civil Practice Act. (Ill. Rev. Stat. 1981, ch. 110, par. 45.) Fernandes alleged that: the complaint failed to allege whether the

contract was written or oral; he was not a sole proprietor and did not do business as Creative Home Builders; and therefore *there was a* misjoinder and misnomer of parties. Fernandes' accompanying affidavit stated that Creative Home Builders was an assumed name of T.D.B.J.M., Inc., an Illinois corporation, and that he did not individually contract for any of the claimed services. The trial court dismissed Fernandes as a party defendant, ordered T.D.B.J.M., Inc., substituted as a party defendant, and gave T.D.B.J.M., Inc., 14 days to answer.

O.K. Electric, on March 4, 1981, filed a motion to amend the pleadings under section 46 of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, par. 46) in order to substitute Fernandes for T.D.B.J.M., Inc., as a defendant. The motion was supported by the affidavit of the president of O.K. Electric which stated that: all invoices had been addressed to Creative Home Builders; he always dealt with Fernandes; he did not deal with T.D.B.J.M., Inc.; he relied solely upon the reputation and credit of Fernandes; and he did not know that Fernandes was purporting to operate his business through a corporation. There is no ruling on this motion in the record.

On March 5, 1981, O.K. Electric then filed a motion pursuant to section 50 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 50) to set aside the prior order and alleged O.K. Electric always did business with Fernandes, never dealt with T.D.B.J.M., Inc., and had no knowledge of such a corporation. The trial court denied this motion on March 11, 1981.

On July 21, 1982, Fernandes filed in this court a motion to dismiss this appeal for lack of jurisdiction contending that the trial court's orders involved less than all the parties involved in the suit and that the orders did not include the finding "that there [was] no just reason for delaying enforcement or appeal," as required by Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)). O.K. Electric filed its objection thereto on July 23, 1982, and the motion and objection were ordered to be taken with the case.

Before reaching the merits of this appeal, it is therefore necessary to first resolve Fernandes' motion to dismiss the appeal. Fernandes argues that an order dismissing an individual defendant while retaining a corporate defendant is not appealable without the Rule 304(a) finding that there is no just reason for delaying enforcement or appeal.

Supreme Court Rule 304(a) provides:

> "(a) Judgments As To Fewer Than All Parties or Claims—Necessity for Special Finding. If multiple parties or multiple claims for relief are involved in an action, an appeal may. be

taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." 87 Ill. 2d R. 304(a).

■ It is well established that where there is a judgment as to fewer than all parties or claims, the absence of a finding that there is no just reason for delaying enforcement or appeal, leaves the judgment unenforceable and unappealable. (*Van Slambrouck v. Marshall Field & Co.* (1981), 98 Ill. App. 3d 485, 488, 424 N.E.2d 679; *Blanchette v. Martell* (1977), 52 Ill. App. 3d 1029, 1030-31, 368 N.E.2d 458; *Reed v. City of Belleville* (1973), 13 Ill. App. 3d 1093, 1094, 301 N.E.2d 838.) However, here there were but two parties when Fernandes filed his motion to dismiss and argued the motion. The order dismissing Fernandes as a party to the lawsuit effectively terminated the litigation between the parties, thereby becoming a final judgment which determined absolutely their respective rights in the lawsuit. (See *Towns v. Yellow Cab Co.* (1978), 73 Ill. 2d 113, 119, 382 N.E.2d 1217.) The trial court's further order substituting T.D.B.J.M., Inc., a corporation, as a party defendant, apparently based upon a motion under section 45 which had attached to it Fernandes' affidavit that he did not individually contract with O.K. Electric, does not operate to make this a suit involving multiple parties within the purpose of Rule 304(a) under these particular circumstances. The motion to dismiss the appeal is denied.

Turning to the merits of this appeal, we observe that O.K. Electric has raised several grounds for reversal of the trial court's dismissal of Fernandes on his motion made pursuant to section 45. However, Fernandes in his appellate brief has expressly chosen to address in support of the trial court's order only the issue of whether the complaint failed to state a cause of action, and has therefore waived our consideration of the apparent basis on which the trial court dismissed the action against Fernandes, *i.e.*, that Fernandes did not contract individually with O.K. Electric as sworn to in his affidavit attached to

his section 45 motion. We therefore do not consider that basis for the dismissal of Fernandes other than to point out that a trial court may not consider affidavits in ruling on a motion to dismiss made pursuant to section 45. *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312 N.E.2d 605; *Johnson v. Nationwide Business Forms, Inc.* (1976), 41 Ill. App. 3d 128, 131, 359 N.E.2d 171.

■ In the court below, the only allegation in Fernandes' section 45 motion to dismiss relating to the legal sufficiency of the complaint was the assertion that the complaint "fails to allege whether the purported contract is written or oral." Fernandes has not cited us any direct authority to support this ground for dismissal nor do we find this argument has any merit. Unless the complaint purported to be based upon a written instrument, it is assumed to be an oral contract. (See *Barnes v. Peoples Gas Light & Coke Co.* (1968), 103 Ill. App. 2d 425, 428, 243 N.E.2d 855.) The only pleading requirement in this respect is that if a claim or defense is founded upon a written instrument, a copy thereof must be attached to the pleading as an exhibit or recited therein. Ill. Rev. Stat. 1981, ch. 110, par. 36; *Camp Creek Duck Farm, Inc. v. Shell Oil Co.* (1981), 103 Ill. App. 3d 81, 86, 430 N.E.2d 385; *Plocar v. Dunkin' Donuts of America, Inc.* (1981), 103 Ill. App. 3d 740, 749, 431 N.E.2d 1175.

■ Failing to specify any other basis for the insufficiency of the complaint, Fernandes on appeal may not raise new grounds in support of his motion to dismiss since this would deny O.K. Electric the opportunity to cure a defect by amendment in the trial court. (*Dubin v. Michael Reese Hospital & Medical Center* (1979), 74 Ill. App. 3d 932, 946, 393 N.E.2d 588, *rev'd on other grounds* (1980), 83 Ill. 2d 277, 415 N.E.2d 350.) However, from our examination of count I of O.K. Electric's complaint we find it states a cause of action for breach of contract against Fernandes by alleging sufficient facts to establish the existence of a contract, performance of all conditions by O.K. Electric, a breach by Fernandes, and damages as a consequence. (See *Thilman & Co. v. Esposito* (1980), 87 Ill. App. 3d 289, 296, 408 N.E.2d 1014.) It appears from Fernandes' brief that he also maintains that count II is legally insufficient because an attached exhibit of a bill for services was sent to "Creative Homes Builders c/o Night Sounds," which Fernandes contends conflicts with other allegations of the complaint which allege a contract with Frank Fernandes d/b/a Creative Home Builders. This argument was not raised in the section 45 motion to dismiss and cannot be raised for the first time on appeal. (*Dubin v. Michael Reese Hospital & Medical Center.*) Nonetheless, we

find the exhibit and the allegations do not directly conflict and that the count is legally sufficient.

For the foregoing reasons, we reverse the judgment of dismissal of the circuit court of Du Page County and remand for further proceedings.

Reversed and remanded.

VAN DEUSEN and NASH, JJ., concur.