SIXTH DIVISION

FILED: 12/23/99

No. 1-97-4398

GALLAGHER CORPORATION, ) Appeal from the

an Illinois corporation, and the ) Circuit Court of 

GALLAGHER CORPORATION ) Cook County.

EMPLOYEE DEFINED BENEFIT )

PENSION PLAN, )

)

Plaintiffs-Appellants, ) 95 L 16057

)

)

)

)

STEVEN B. RUSS, ) Honorable

) David Lichtenstein,

Defendant-Appellee. ) Judge Presiding.

SECOND MODIFIED OPINION ON DENIAL OF REHEARING

JUSTICE ZWICK delivered the opinion of the court:

This is an appeal from the circuit court’s dismissal, pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 1998)), of a Fifth Amended Complaint filed by plaintiffs Gallagher Corporation (Gallagher) and Gallagher Corporation Employee Defined Benefit Pension Plan (the plan). Defendant, Steven B. Russ, is a licensed actuary who furnished certificates between 1988 and 1993 to a retirement plan established by plaintiff Gallagher for the benefit of its employees. Gallagher hired Massachusetts Mutual Life Insurance Co. (Massachusetts Mutual) to administer the plan, and Massachusetts Mutual, in turn, employed defendant to certify the plan’s financial health. Federal law requires that the plan be certified by an actuary each year. See Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C.A. §§ 1001 - 1461 (West 1995)).  

Plaintiffs’ complaint is in eight counts and alleges that the defendant caused it to incur damages in the amount of $800,000, plus unspecified attorney fees and additional actuarial costs. The first four counts were brought by the plan, an unincorporated entity. These counts are grounded on the following four theories of recovery: (1) professional negligence, (2) breach of contract, including breach of a third-party-

beneficiary contract, (3) negligent misrepresentation and (4) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (the Consumer Fraud Act) (815 ILCS 505/1 et seq.  (West 1994)). The remaining counts, counts V through VIII, alleged the same theories of recovery, but were 
brought by Gallagher in its corporate capacity.
(footnote: 1)
In dismissing the complaint, the circuit court issued an order which stated:

“Plaintiffs’ claims, whether sounding in tort, contract or violation of statute, all fail because plaintiff[s] cannot and [have] not pled (save by conclusion) a duty between plaintiffs and defendant, Russ, sufficient to found any claim.”

Initially, we observe that a section 2-615 motion to dismiss challenges only the legal sufficiency of a complaint and alleges only defects on the face of the complaint. 
Vernon v. Schuster
, 179 Ill. 2d 338, 344, 688 N.E.2d 1172 (1997). The critical inquiry in deciding upon a section 2-615 motion to dismiss is whether the allegations of the complaint, when considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted.  
Vernon
, 179 Ill. 2d at 344, citing 
Bryson v. News America Publications, Inc.
, 174 Ill. 2d 77, 86-87, 672 N.E.2d 1207 (1996), and 
Urbaitis v. Commonwealth Edison
, 143 Ill. 2d 458, 475, 575 N.E.2d 548 (1991).  A cause of action will not be dismissed on the pleadings unless it clearly appears that the plaintiff cannot prove any set of facts that will entitle it to relief.  
Vernon
, 179 Ill. 2d at 344, citing 
Gouge v. Central Illinois Public Service Co.
, 144 Ill. 2d 535, 542, 582 N.E.2d 108 (1991). In reviewing the circuit court's ruling on defendants' section 2-615 motion to dismiss, we apply a 
de novo
 standard of review.  
Doe v. McKay
, 183 Ill. 2d 272, 274, 700 N.E.2d 1018 (1998). Finally, because we may affirm the circuit court on any ground appearing in the record (
Estate of  Strocchia v. City of Chicago
, 284 Ill. App. 3d 891, 677 N.E.2d 964 (1996)), we address all arguments made by defendant’s motion now urged to be sufficient to affirm the circuit court’s dismissal, even arguments not addressed by the circuit court in issuing its ruling.

Defendant first argues that dismissal of plaintiffs’ complaint was proper with regard to counts I, II, III and IV because the plan has no standing to sue. Defendant’s argument is essentially that the plan is unincorporated and, as such, is not a “person” or “party” with sufficient legal interests to bring a law suit. See 
Bridgestone/Firestone, Inc. v. Aldridge
, 179 Ill. 2d 141, 146, 688 N.E.2d 90 (1997) (“the doctrine of standing requires that a party have a real interest in the action brought and its outcome”); In 
Greer v. Illinois Housing Development Authority
, 122 Ill. 2d 462, 492, 524 N.E.2d 561 (1988), however, our supreme court rejected a formulaic approach to determining who has standing to sue, stating simply that "standing in Illinois requires only some injury in fact to a legally cognizable interest.”  The claimed injury need only be (1) “distinct and palpable”;  (2) “fairly traceable” to the defendant's actions; and (3) substantially likely to be prevented or redressed by the grant of the requested relief."  
Greer
, 122 Ill. 2d at 492-93. Section 1132(d)(1) of ERISA provides that an employee benefit fund such as the plan “may sue or be sued under this subchapter as an entity.” Defendant argues that the language “under this subchapter” indicates that a benefit plan created by ERISA may only sue under those provisions set out in the ERISA statute itself, and may not bring State claims. However, this argument was specifically rejected in 
Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co.
, 700 F. 2d 889 (2d Cir. 1983). There, the court determined that it was Congress’s intent, in passing section 1132(d)(1) of the statute, that employee benefit plans be able to sue and be sued “like corporations and other legal entities.” 
Pressroom
, 700 F.2d at 893. In that allowing the plan to sue as a plaintiff in this case is consistent both with 
Greer
 and with the federal court’s decision in 
Pressroom
, we reject defendant’s argument.

Defendant also claims that Gallagher has no standing to bring counts I-IV on behalf of the plan because ERISA requires those who sue on behalf of a regulated employee benefit plan to be a fiduciary (29 USCA 1002(16)(B)), and defendant asserts that Gallagher has failed to allege sufficient facts which establish a fiduciary status between Gallagher and the plan. Gallagher responds principally by noting that defendant failed to make this argument in the circuit court, and that the pleading does allege that Gallagher is a fiduciary of the plan, albeit by way of conclusion. 

As Gallagher asserts, it is generally improper for this court to affirm a section 2-

615 dismissal on the pleadings if doing so would deny the plaintiff the opportunity to cure the alleged defect by amendment. 
O.K. Electric Co. v. Fernandes
, 111 Ill. App. 3d 466, 470, 444 N.E.2d 264 (1982). The failure to allege sufficient facts to support a conclusionary pleading is precisely the type of argument which must be considered waived once the case proceeds to an appeal. Cf. 
Ray v. City of Chicago
, 19 Ill. 2d 593, 169 N.E.2d 73 (1960)(summary judgment). Accordingly, we reject defendant’s claim.

We turn to the defendant’s assertion that plaintiffs have failed to properly allege 

a cause of action sounding in professional negligence (Counts I and V). A complaint for a negligent tort must allege facts from which the law will raise a duty, and specific facts showing an omission of that duty and resulting injury; otherwise, the complaint is properly dismissed. 
Schaffrath v. Village of Buffalo Grove
, 160 Ill. App. 3d 999, 513 N.E.2d 1026 (1987). The existence of a duty depends upon whether defendant and plaintiff stand in such a relationship to one another that the law imposes upon defendant an obligation of reasonable conduct for the benefit of plaintiffs. The question is one of law for the court to decide 
(Pelham v. Griesheimer
, 92 Ill. 2d 13, 440 N.E.2d 96 (1982)) and is contingent upon a variety of factors with the weight accorded each factor depending upon the circumstances of each case. (
O'Hara v. Holy Cross Hospital
, 137 Ill. 2d 332, 339, 561 N.E.2d 18 (1990)). Thus, as a threshold matter, plaintiffs are required to allege the existence of a relationship between themselves and the defendant that would give rise to a duty. In deciding the issue, we consider the foreseeability of the plaintiffs’ alleged injuries, the likelihood of the occurrence, the magnitude of the burden of guarding against it, and the consequences of placing that burden upon the defendant. 
Doe v. McKay
, 183 Ill. 2d 272, 278, 700 N.E.2d 1018 (1998).

Defendant concedes that liability for negligent preparation of an actuary’s certification may be imposed under common law tort principles (See generally, 
Hager
, The Emerging Law of Actuarial Malpractice, 31 Drake L. Rev. (1982)), even against a party not in contractual privity with the actuary like Gallagher and the plan, but argues the plaintiffs’ complaint is defective because it fails to allege sufficient facts tending to show that protecting the plaintiffs from injury was “the primary or direct purpose” of the employment agreement between defendant and Massachusetts Mutual. Defendant argues that this is a prerequisite to plaintiffs’ suit under the doctrine announced in 
Pelham v. Griesheimer
, 92 Ill. 2d 13, 440 N.E.2d 96 (1982)(professional negligence allegations based upon another’s 
relationship with his attorney) and 
Brumley v. Touche Ross & Co.
, 123 Ill. App. 3d 636, 642, 463 N.E.2d 195 (1984)(accountants’ liability to third parties). This requirement has been referred to as the “primary intent” rule. See 
Brumley v. Touche Ross & Co.
, 139 Ill. App. 3d 831, 835, 487 N.E.2d 641 (1985).

The terms of plaintiffs’ Fifth Amended Complaint appear to meet the primary intent rule because the complaint explicitly states that defendant prepared the actuarial valuations 
for the plaintiffs’ use
 in determining the amounts necessary to meet the plan’s funding obligations. The complaint also states that the defendant’s recommendations were made not to Massachusetts Mutual, but rather, directly 
to the plaintiffs.
 Such allegations would normally be sufficient to meet the primary intent rule, particularly in light of the fact that all factual inferences must be taken in the light most favorable to the plaintiff. 
People ex rel. Sklodowski v. State of Illinois
, 182 Ill. 2d 220, 227-28, 695 N.E.2d 374 (1998). In this case, however, other allegations in the complaint contradict the notion that Russ was engaged by Massachusetts Mutual with the primary intent or purpose of benefitting Gallagher. As we discuss more fully in our analysis which follows regarding the plaintiffs’ third-party beneficiary contract claims, the statutory provisions of ERISA cited in the complaint make clear that Russ’s engagement by Massachusetts Mutual was only for the benefit of the plan, and not to protect Gallagher’s financial health. The fact that Russ communicated with Gallagher or provided information to Gallagher was done solely because Gallagher served as a fiduciary for the plan. This being the case, we conclude the plan may bring professional negligence claims against defendant, but that Gallagher may not do so.

We next turn to plaintiffs’ allegations that they have alleged sufficient facts to establish a claim for breach of contract (Counts II and VI). To properly plead a cause of action in breach of contract, a plaintiff must allege the essential elements which are: (1) the existence of a valid and enforceable contract;  (2) performance by the plaintiff;  (3) breach of the contract by the defendant;  and (4) resultant injury to the plaintiff. 
Allstate Insurance Co. v. Winnebago County Fair Association Inc.
, 131 Ill. App. 3d 225, 233, 475 N.E.2d 230 (1985). A defendant's failure to comply with a duty imposed by the contract gives rise to the breach. 
Hickox v. Bell
, 195 Ill. App. 3d 976, 992, 552 N.E.2d 1133 (1990). In alleging a breach of contract by a defendant, a plaintiff should also allege the factual circumstances surrounding the formation of the agreement, specifically, the offer, acceptance and existence of valuable consideration. See 
Pollack v. Marathon Oil Company
, 34 Ill. App. 3d 861, 864, 341 N.E.2d 101 (1976). 

In this case, the plaintiffs have not alleged a breach of contract claim because they have failed to allege the particular facts which would establish the existence of a contract between themselves and the defendant. As a fact-pleading jurisdiction, Illinois courts require plaintiffs to allege facts, and not merely conclusions, sufficient to bring a claim within the scope of the cause of action being asserted.  
Teter v. Clemens
, 112 Ill. 2d 252, 256, 492 N.E.2d 1340 (1986). Here, the pleadings affirmatively demonstrate that defendant did 
not
 have a contractual relationship with the plaintiffs. The complaint alleges that it was Massachusetts Mutual, and not the plaintiffs, which engaged defendant to perform actuarial services for the plan. The complaint does not suggest that Massachusetts Mutual engaged defendant’s services as an agent for plaintiffs. It is no surprise, therefore, that plaintiffs are unable to allege the particular nature of the offer made to defendant, acceptance by him or the consideration given to perform the alleged contractual services. Plaintiffs have even failed to allege the terms of the agreement. In the absence of any factual assertions showing the existence of a contractual relationship between the plaintiffs and defendant, the circuit court properly dismissed those counts alleging breach of contract. See 
Sabath v. Mansfield
, 60 Ill. App. 3d 1008, 1016, 377 N.E.2d 161 (1978)(generally, only a party to a contract, or one in privity with a party, may sue for breach of contract).

We turn to plaintiffs’ allegations that the plan and Gallagher were third-party beneficiaries of the contract that existed between defendant and Massachusetts Mutual. Plaintiffs have incorporated these claims within Counts II and VI.  

A third-party beneficiary may sue under a contract even when not a party to it, provided the benefit of the contract is direct to him, as opposed to being merely incidental. 
Cahill v. Eastern Benefit Systems, Inc.
, 236 Ill. App. 3d 517, 520, 603 N.E.2d 788 (1992); 
Wilde v. First Federal Savings and Loan Association of Wilmette
, 134 Ill. App. 3d 722, 731, 480 N.E.2d 1236 (1985). Whether a party is a third-party beneficiary depends on the intent of the contracting parties and is determined on a case-by-case basis. 
Midwest Concrete Products v. LaSalle National Bank
, 94 Ill. App. 3d 394, 396, 418 N.E.2d 988 (1981). "In making this determination, it must appear from the language of the contract when properly construed that the contract was made for the direct benefit of the third person and that the benefit was not merely incidental."  (Emphasis in original.)  
Midwest Concrete Products
, 94 Ill. App. 3d at 396, 418 N.E.2d 988, citing 
Young v. General Insurance Co. of America
, 33 Ill. App.3d 119, 337 N.E.2d 739 (1975).  "The promisor's intention must be shown by an express provision in the contract identifying the third-party beneficiary." 
Cahill
, 236 Ill. App. 3d at 520; 
Waterford Condominium v. Dunbar Corp.
, 104 Ill. App. 3d 371, 373-74, 432 N.E.2d 1009 (1982).

This case was dismissed by the circuit court on the pleadings. Because plaintiffs were not parties to the agreement between Massachusetts Mutual and defendant, they have been unable to specify the terms of defendant’s professional engagement. It is impossible, therefore, for us to review the specific agreement to determine if plaintiffs were intended to be primary beneficiaries. It is clear, however, from reviewing the ERISA provisions cited to us, that defendant was not engaged by Massachusetts Mutual for the primary purpose of protecting plaintiff Gallagher from financial injury. Defendant’s engagement by Massachusetts Mutual is alleged by the complaint to have been undertaken because ERISA required actuarial certification. This requirement, like the other provisions of ERISA, were implemented to protect the “well-being and security of millions of
 employees and their dependants
” (29 U.S.C.A. §1001(West 1995))(emphasis added), not the well being of the employers that run such plans. Any protection provided to Gallagher by defendant’s engagement as an actuary for the plan was therefore tangential only, and not the primary purpose of the engagement. For this reason we conclude that Gallagher’s third-party beneficiary claim was properly dismissed by the circuit court.

We agree with the plan’s claims, however, that it has alleged sufficient facts to establish that it was intended to be a third-party beneficiary of the agreement between Gallagher and Massachusetts Mutual. The complaint alleges that sections 1023(a)(4)(B) and 1082(c)(3) of ERISA required that an “enrolled actuary” calculate the costs of benefits and the contributions necessary to pay those benefits by using actuarial methods and assumptions which were reasonably related to the experiences of the plan. Even if not made explicit by the terms of defendant’s engagement with Massachusetts Mutual, these requirements are necessarily implied in any engagement which required defendant to certify Gallagher’s contributions to the plan under ERISA. Yet such a requirement was clearly designed to protect the plan from experiencing financial hardships which might endanger the plan’s ability to meet its obligations absent the certificates. See 29 U.S.C.A. §1001 (West 1995)(addressing the need to assure “the soundness and stability of plans with respect to adequate funds to pay promised benefits”). This being the case, we conclude that the plan has alleged sufficient facts to bring a cause of action which alleges that the plan was intended by Massachusetts Mutual and defendant to be a third-party beneficiary of their agreement.

Plaintiffs also brought claims for negligent misrepresentation (Counts III and VII). Negligent misrepresentation involves the breach of a duty to use care in obtaining and communicating information upon which others may reasonably be expected to rely in the conduct of their affairs. 
Zimmerman v. Northfield Real Estate, Inc.,
  156 Ill. App. 3d 154, 510 N.E.2d 409 (1986). The elements needed to sustain a cause of action for negligent misrepresentation include a duty owed by defendant to plaintiff, a breach of such duty, and injury proximately resulting from the breach. 
Harkala v. Wildwood Realty, Inc.
, 200 Ill. App. 3d 447, 558 N.E.2d 195 (1990). A misrepresentation can result from the failure to provide adequate information when there is a duty to provide such information, as well as providing information which is false. 
Board of Education v. A, C, & S, Inc.
, 131 Ill. 2d 428, 546 N.E.2d 580 (1989).

We have already rejected the notion that defendant owed Gallagher a duty in the context of Gallagher’s malpractice claim. The same reasoning precludes Gallagher from bringing a negligent misrepresentation claim as there simply was no duty on defendant in performing his actuarial work to protect the financial interests of Gallagher. In contrast, however, we have already determined that defendant owed the plan a legal duty in tort. Since defendant owed the plan a duty to use his professional skills for its benefit, defendant may also be liable for negligent misrepresentations. Accordingly, we conclude the plan’s claim for negligent misrepresentation was improperly dismissed. 

We turn lastly to plaintiffs’ assertions that they have sufficiently alleged violations of section 2 of the Consumer Fraud Act (815 ILCS 505/2 (West 1995)(Counts IV and VIII). To prove a defendant violated the Consumer Fraud Act through use of a deceptive practice, as plaintiffs have alleged, they must establish (1) a deceptive act or practice, (2) intent on the defendants' part that plaintiff rely on the deception, and (3) that the deception occurred in the course of conduct involving trade or commerce. 
 Siegel v. Levy Organization Development Co.
, 153 Ill. 2d 534, 542, 607 N.E.2d 194 (1992). 

In general, the plaintiff need not show that a defendant intended to deceive but only that it intended the plaintiff to rely on its act or information. 
Breckenridge v. Cambridge Homes
, 246 Ill. App. 3d 810, 616 N.E.2d 615 (1993). Even an innocent or negligent misrepresentation,  therefore, may be actionable under the Consumer Fraud Act. 
Rubin v. Marshall Field & Co.
, 232 Ill. App. 3d 522, 597 N.E.2d 688 (1992). Here, however, the requirement that the defendant intend the plaintiff to rely upon the misrepresentation is significant because plaintiffs’ pleadings fail to allege that defendant intended plaintiff to act in any particular way. In cases such as 
Breckenridge
 and 
Rubin
, the defendant’s representations were made to induce the plaintiff to act in the financial best interest of the defendant or the defendant’s employer. See 
Breckenridge
, 246 Ill. App. 3d at (statements made to prospective home buyer that house would be delivered in “perfect” condition); 
Rubin
, 232 Ill. App. 3d at 526 (sales clerk selling eye makeup remover falsely tells consumer that using Vaseline to do the job causes cataracts). The same is true of those cases on which the defendant relies. See 
Terrell v. Childers
, 920 Fed. Supp. 854 (N.D. Ill. 1996)(financial management company misrepresented status of financial investments in order to retain business); 
In re Dorsey
, 162 BR 150 (Bkrtcy N.D. Ill. 1993)(insurance agent falsely represents policy provisions to induce sale). In this case there is no claim that the defendant’s failure to meet his professional obligations as an actuary for the plan were intended to cause reliance by defendant to act in any particular way favorable to defendant. Accordingly, there can be no recovery under the Consumer Fraud Act.

In sum, we find that the circuit court improperly dismissed the plan’s claims made in count I (professional negligence), count II (third-party beneficiary breach of contract) and count III (negligent misrepresentation). The court properly dismissed the plan’s claims with regard to counts II (breach of contract) and count IV (consumer fraud). With regard to Gallagher’s claims made in counts V-VIII (and to the extent that Gallagher seeks relief as “sponsor of the plan” in counts I-IV), we find that the court properly dismissed each of the claims. We remand the matter for further proceedings consistent with these findings.

Affirmed in part; reversed in part and remanded.

CAMPBELL, J., and BUCKLEY, J., concur.

FOOTNOTES
1:     
In fact, counts I-IV state that they are brought by the plan and “by Gallagher Corporation as plan sponsor.” Although counts V through VIII state in their captions  that they are brought by Gallagher Corporation “individually,” the prayers for relief in counts V and VI state that relief is sought on behalf of  “Gallagher Corporation as Plan sponsor and the Plan.” In order to simplify our analysis in light of these and other pleading inconsistencies, we address the complaint as if Counts I-IV were brought solely by the plan and Counts V-VIII were brought by Gallagher 
both
 in its individual capacity and as “sponsor of the plan.” We note that, although Gallagher appears to assert in parts of its complaint that it should recover damages in its individual capacity because it was contractually obligated to make payments on behalf of the Plan, Gallagher has failed to assert subrogation as a possible theory of recovery.
 Accordingly, we do not address potential subrogation claims.