CLAUDIA E. McGUIRE *et al.*, Plaintiffs-Appellants, v. AMERITECH CELLULAR CORPORATION *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—99—1462

Opinion filed May 31, 2000, *nunc pro tunc* April 19, 2000.

84

Law Offices of Terrence Buehler, of Chicago (Terrence Buehler and Janet L. Reed, of counsel), for appellants.

Helen E. Witt, Adam J. Levine, and Maria Pellegrino Rivera, all of Kirkland & Ellis, of Chicago, for appellee Ameritech Cellular Corporation.

Michael P. Comiskey and Jennifer Kaplan Schott, both of Lord, Bissell & Brook, for appellee Southwestern Bell Mobile Systems, Inc.

Darryl M. Bradford and Daniel J. Hurtado, both of Jenner & Block, of Chicago, for appellee Nova Cellular.

Mara S. Georges, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Mardell Nereim, Assistant Corporation Counsel, of counsel), for appellee City of Chicago.

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Plaintiffs appeal the dismissal of their amended two-count complaint under section 2—615 of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2—615 (West 1996)). We affirm.

Plaintiffs are cellular phone subscribers who filed suit against their service providers, seeking a refund for taxes paid on incoming calls between 1995 and 1997. Plaintiffs allege that from 1995 until 1997, the City of Chicago was only permitted to tax outgoing calls under the amended sections of the Chicago Telecommunications Tax. Chicago Municipal Code §§ 3—70—030, 3—70—040 (amended November 10, 1994). Plaintiffs also allege that calls made or received outside of Chicago are not subject to the tax. Plaintiffs' first amended complaint consists of two counts and is styled as a class action against defendants, three cellular phone companies that collected taxes during the contested period. Count I alleges that the phone company defendants breached their service contracts when they collected taxes

on calls plaintiffs alleged were not included in the Chicago ordinance. Count II alleges the phone company defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act (the Consumer Fraud Act) (815 ILCS 505/2 (West 1996)), by listing the challenged tax as a "Local Tax" and not identifying it as the Chicago municipal tax that applies to both outgoing and incoming cellular calls billed to a Chicago address, regardless of where the calls were actually placed or received.

The City of Chicago filed a petition to intervene as of right and contended that plaintiffs' claims involve a misinterpretation of the tax ordinance at issue. The unopposed petition was granted.

The phone company defendants filed a motion to dismiss the complaint under section 2—615 of the Code. 735 ILCS 5/2—615 (West 1996). The phone company defendants set out three independent grounds for dismissal: that (1) they were not proper parties to the suit; (2) plaintiffs failed to state a cause of action for breach of contract or violations of the Consumer Fraud Act; and (3) the voluntary payment doctrine barred plaintiffs' claims.

The city filed a separate motion to dismiss and argued that the tax includes incoming and outgoing calls, the billing methods were constitutional and plaintiffs failed to exhaust administrative remedies.

The trial court granted the phone company defendants' motion, finding that "[n]o matter how it is framed, the basis of Plaintiffs' breach of contract claim is that the Phone Companies wrongfully charged them a tax which was not due. As such, this action against the Phone Companies cannot stand." The court also found that the complaint failed to state a claim under the Consumer Fraud Act. The court said that listing the tax as a "Local Tax" on the bill was not a misrepresentation.

The court also granted the city's motion to dismiss. The trial court addressed the constitutional issues raised by the city's motion and found that the challenged tax and the city's application thereof were constitutional. The court then dismissed the complaint with prejudice.

■ We review a dismissal under section 2—615 *de novo. A.P. Properties, Inc. v. Goshinsky*, 186 Ill. 2d 524, 527, 714 N.E.2d 519, 521 (1999). We may affirm the trial court on any basis in the record, even if not relied on by the trial court. *Gunthorp v. Golan*, 184 Ill. 2d 432, 438, 704 N.E.2d 370 (1998).

To state a claim for breach of contract, a plaintiff must allege the existence of a valid contract, defendant's breach and damages. *Smith v. Jones*, 113 Ill. 2d 126, 132, 497 N.E.2d 738 (1986). Plaintiffs' first amended complaint sets out the conclusory allegation that defendants breached their service contracts when they collected the tax at issue at

the direction of the city. This allegation overlooks that the ordinance requires defendants to collect the tax:

> "(b) The tax authorized by this Section shall be collected from the taxpayer by a retailer \*\*\*.\*\*\* Retailers shall collect the tax \*\*\* by adding the tax to the gross charge \*\*\*." 65 ILCS 5/8—11—17(b) (West 1996).

Plaintiffs' claim requires us to infer that the service contracts imposed an independent duty on the phone company defendants to ensure that only "lawful" taxes were collected and remitted to the city. But none of the three service contracts attached to the complaint so provide. To the extent that the complaint contradicts the exhibits, the exhibits control. *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.*, 114 Ill. 2d 278, 287, 499 N.E.2d 1319 (1986). We note that the only duty imposed on defendants is to remit the tax to the city. Section 3—70—040(A)(2) of the Chicago Telecommunications Tax reads:

> "Any tax required to be collected pursuant to this chapter and any tax collected by the retailer shall constitute a debt owed by the retailer to the city." Chicago Municipal Code § 3—70—040(A)(2) (eff. January 1, 1995).

We also do not believe that suing the collector of a tax authorized by ordinance is the proper way to litigate the legality of a taxing ordinance. See *Kaucky v. Southwest Airlines Co.*, 109 F.3d 349, 351-52 (7th Cir. 1997). The only way defendants could have breached their contract under these facts is if plaintiffs pled and proved that defendants collected an unauthorized tax. But plaintiffs here admit that the tax was authorized by law and that defendants were required to collect it. Plaintiffs failed to state a claim for breach of contract against defendants.

■ To state a claim for violation of the Consumer Fraud Act, a plaintiff must allege: (1) a misrepresentation, deceptive act or practice, or concealment of a material fact; (2) defendant's intent that the plaintiff rely on the misrepresentation, deceptive act or concealment; and (3) that the deceptive act or practice happened in the course of trade or commerce. *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482 (1996). A consumer fraud violation must be pled with the same particularity and specificity required in common law fraud claims. *Connick*, 174 Ill. 2d at 501. The thrust of plaintiffs' consumer fraud claim is set out in paragraph 31 of the complaint:

> "31. Each of these bills are misleading and deceptive in that they refer to a 'Local Tax' without identifying that it is the Chicago Municipal Tax at issue and that it applies to all cellular telephone calls billed to a Chicago address, regardless of whether the call is sent or received and regardless of whether the cellular phone is located in Chicago, outside Chicago or outside Illinois."

Plaintiffs' consumer fraud claim is premised on the theory that, by using the term "local," the phone company defendants misrepresented the true burden of the challenged tax. But we do not believe this theory is pled with the particularity and specificity needed to withstand a motion to dismiss.

■ Use of the term "local tax" is not a misleading or deceptive act. "Local," as used in the bills, refers to the taxing body, in this case, the City of Chicago, just as the terms "federal" and "state" refer to different levels of government levying a tax. Plaintiffs do not allege facts to conclude otherwise. The trial court properly found that plaintiffs' complaint failed to state a claim for relief.

We need not reach the phone company defendants' argument invoking the voluntary payment doctrine in light of our decision.

We also need not reach the constitutional and statutory construction arguments raised by the city in its motion to dismiss. Plaintiffs did not amend their complaint to state a cause of action against or ask for relief from the city. The issues raised by the city are not properly before us on appeal.

Affirmed.

CERDA and WOLFSON, JJ., concur.