LANDAU, OMAHANA AND KOPKA, LTD., *et al.*, Plaintiffs-Appellants, v. FRANCISCAN SISTERS HEALTH CARE CORPORATION, d/b/a St. Therese Medical Center, *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 1—00—1243

Opinion filed June 20, 2001.—Rehearing denied July 12, 2001.

Clausen Miller, P.C., of Chicago (James O. Nolan, Edward M. Kay, Richard M. Kaplan, and Imelda Terrazino, of counsel), for appellants.

Hinshaw & Culbertson, of Chicago (David H. Levitt and Christine L. Olson, of counsel), for appellee Franciscan Sisters Health Care Corporation.

Robert A. Egan, P.C., of Chicago (Robert A. Egan and Noelle Ansley, of counsel), for other appellees.

JUSTICE WOLFSON delivered the opinion of the court:

This is a peculiar case. It raises questions about whether a promise not to enforce a judgment was made and why it would have been made. We are asked to explore lawyers' motives and stratagems.

The controversy was triggered by a legal malpractice complaint file by Northern Illinois Emergency Physicians (Northern Illinois)

against a law firm, Landau, Omahana, & Kopka, Ltd. (Landau). Not this case. Before that, there was a medical malpractice lawsuit brought against Northern Illinois, St. Therese Medical Center (St. Therese), and Dr. Bruce Sands by Eric and Lori Johnson (the Johnsons). Again, not this case.

This case concerns a purported promise or assurance by St. Therese that it would not enforce any indemnity judgment it might win against Northern Illinois. Here, Landau seeks to enforce that promise. We hold Landau lacks standing to bring this lawsuit. For that reason, we affirm the trial court's order dismissing all four counts of Landau's amended complaint.

## FACTS

We take relevant facts from Landau's pleadings and the exhibits attached.

In 1991, the Johnsons filed a medical malpractice claim in the circuit court of Lake County against defendants St. Therese, Northern Illinois, and Dr. Bruce Sands. Northern Illinois provided medical services to St. Therese pursuant to contract. Dr. Sands was a partner in Northern Illinois and provided medical services in St. Therese's emergency room.

Northern Illinois and Dr. Sands were insured by Premier Insurance (Premier). Premier retained a law firm to represent Northern Illinois and Dr. Sands. During the pendency of the medical malpractice case, Premier went into receivership.

Afterwards, the Illinois Insurance Guarantee Fund (the Fund) assumed the defense of Northern Illinois and Dr. Sands. The Fund retained the Landau firm and Bower—one of Landau's attorneys—to defend in the medical malpractice action. Northern Illinois also retained Steven J. Schostok as additional counsel.

St. Therese demanded the Fund assume its defense and indemnify it pursuant to an agreement it had with Northern Illinois. The Fund refused, and Michael F. Henrick of Hinshaw and Culbertson represented St. Therese throughout the Johnsons' lawsuit.

Before trial, the Johnsons said they would settle their medical malpractice claim if the Fund agreed to pay $600,000—which represented the liability limits of a $300,000 policy covering Dr. Sands and a $300,000 policy covering Northern Illinois. The Fund refused, maintaining there was only one policy covering Dr. Sands and Northern Illinois. That policy's maximum statutory limit was $300,000.

On March 11, 1996, the first day of trial, Henrick made an oral motion on behalf of St. Therese for leave to file a third-party com-

plaint (actually a counterclaim) for indemnification against Northern Illinois and Dr. Sands. Bower orally objected to the motion on behalf of Northern Illinois. The initial trial judge declined to rule on St. Therese's motion and continued the motion until the assigned trial judge could hear it.

Henrick then approached Landau and Schostok and told them the purpose of filing the third-party complaint for indemnification was to force the Fund to settle the matter for $600,000. He "assured" them St. Therese would not seek enforcement of any judgment resulting from the indemnity claim. Bower told Henrick he had to make at least "some objection" to the indemnity claim. Henrick agreed.

Henrick renewed St. Therese's motion before the assigned trial judge. Bower then objected on the ground of "timeliness." The assigned trial judge overruled the objection and granted St. Therese's motion, giving St. Therese leave to file its third-party complaint.

After settlement negotiations between the Fund and the Johnsons failed, the case was tried to a jury. Henrick continued to "assure" Schostok and Bower that St. Therese would not seek to enforce any judgment obtained against Northern Illinois. The jury returned a verdict against all the defendants for $4 million.

The trial court directed a verdict against Northern Illinois and Dr. Sands and in favor of St. Therese for indemnification in the amount of $4 million. The trial court denied posttrial motions.

Northern Illinois appealed from the entry of the indemnity judgment. In that appeal, Northern Illinois filed a bystander's report stating it objected to the filing of the third-party complaint on grounds of timeliness. Northern Illinois contended the third-party complaint was barred by the statute of limitations. The appellate court affirmed the judgment.

On March 18, 1998, Northern Illinois and the individual partners sued Landau for legal malpractice. Northern Illinois alleged the law firm breached the standard of care by failing to respond to or file a motion to dismiss St. Therese's third-party complaint in the Johnson case.

On April 20, 1998, St. Therese satisfied the entire judgment. Since paying the judgment, St. Therese has not attempted to enforce its indemnity judgment against Northern Illinois. St. Therese's only action was to seek $600,000 from the Fund, and the filing of a nonwage garnishment notice against the Fund for the entire amount of the judgment entered against Northern Illinois. As yet, Northern Illinois has paid nothing to St. Therese.

Landau moved to dismiss Northern Illinois's legal malpractice action. Landau contended Northern Illinois failed to allege the requisite

element of proximately caused actual damages since St. Therese is barred from enforcing any judgment against Northern Illinois because of "promises" and "an agreement" between it and Northern Illinois. The trial court denied Landau's motion.

On August 20, 1999, plaintiffs filed this suit for declaratory judgment and other equitable relief, seeking "to preclude, estop or enjoin St. Therese from enforcing the indemnity judgment against Northern Illinois." Each of the four counts of the amended complaint seeks relief based on an alleged oral contract between St. Therese and Northern Illinois.

Count I of Landau's amended complaint seeks a declaration that, pursuant to the "binding" agreement between St. Therese and Northern Illinois, St. Therese is precluded from enforcing the indemnity judgment against Northern Illinois.

Count II is for promissory estoppel. Landau requests, based on St. Therese's "clear and unambiguous promise," a finding the indemnity judgment cannot be enforced against Northern Illinois.

Count III is for specific performance. Landau requests specific performance of the "oral contract," i.e., St. Therese's promise not to enforce the indemnity judgment against Northern Illinois.

Count IV is for "injunctive relief." Landau requests St. Therese be permanently enjoined and restrained from enforcing the indemnity judgment against Northern Illinois.

St. Therese and Northern Illinois did not file an answer to the amended complaint. Instead, they filed motions to dismiss the amended complaint pursuant to section 2—615 and section 2—619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2—615, 2—619 (West 1998)), contending (1) plaintiffs lacked standing to bring the action; (2) the amended complaint alleged conclusions and failed to allege facts sufficient to state a cause of action based on an oral contract; (3) the amended complaint failed to allege the parties' counsel had authority to enter into such a contract; (4) plaintiffs' action was precluded by another action pending between the same parties for the same cause; and (5) the alleged oral agreement was unenforceable under the statute of frauds.

On March 17, 2000, the trial court granted St. Therese's and Northern Illinois's motions to dismiss Landau's amended complaint. The order states in full:

> "Defendants' Motions to Dismiss pursuant to 735 ILCS 5/2—615 and 735 ILCS 5/2—619 is granted."

This appeal followed.

## DECISION

●1 "When ruling on a motion to dismiss under either section

2—615 or section 2—619 of the Code of Civil Procedure, the circuit court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party." *Dial Corp. v. Marine Office*, 318 Ill. App. 3d 1056, 1060, 743 N.E.2d 621 (2001).

The trial court should grant the motion to dismiss only if the plaintiff can prove no set of facts that would support a cause of action. *Dial Corp.*, 318 Ill. App. 3d at 1060. "Conclusions of law or conclusions of fact which are unsupported by specific factual allegations are not admitted." *SBL Associates v. Village of Elk Grove*, 247 Ill. App. 3d 25, 29, 617 N.E.2d 178 (1993).

•2 We review *de novo* the dismissal of a complaint pursuant to section 2—615 and section 2—619 of the Code (735 ILCS 5/2—615, 2—619 (West 1998)). *Dial Corp.*, 318 Ill. App. 3d at 1060. Because the trial court did not specify any grounds it relied on in dismissing plaintiffs' complaint, we will presume plaintiffs' complaint was dismissed on one of the grounds argued by defendants. *Storm & Associates, Ltd. v. Cuculich*, 298 Ill. App. 3d 1040, 1046, 700 N.E.2d 202 (1998). We may affirm the trial court on any basis in the record. *McGuire v. Ameritech Cellular Corp.*, 314 Ill. App. 3d 83, 85, 731 N.E.2d 343 (2000).

Here, Landau contends the trial court "erred in dismissing the amended complaint for declaratory judgment and other equitable relief based on St. Therese's agreement not to execute the indemnity judgment against plaintiffs' former client, Northern Illinois."

St. Therese and Northern Illinois offer several reasons why the trial court was correct to have dismissed Landau's amended complaint. We agree with one of them. We find Landau lacks standing to assert its causes of action against St. Therese and Northern Illinois. See *Kaden v. Pucinski*, 287 Ill. App. 3d 546, 550, 678 N.E.2d 792 (1997) (Lack of standing is properly brought forth in a motion to dismiss pursuant to section 2—619).

## STANDING

•3 "[S]tanding in Illinois requires only some injury in fact to a legally cognizable interest." *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 492, 524 N.E.2d 561 (1988). "The doctrine of standing requires that a party have a real interest in the action brought and its outcome." *Bridgestone/Firestone, Inc. v. Aldridge*, 179 Ill. 2d 141, 147, 688 N.E.2d 90 (1997).

The claimed injury must be distinct, traceable to the defendant's actions, and substantially likely to be prevented or redressed by the grant of the requested relief. *Greer*, 122 Ill. 2d at 493.

" 'The doctrine is used to insure that the courts are available to

decide actual, specific controversies between the parties and are not overwhelmed in the mire of abstract questions, moot issues, or cases brought on behalf of other parties who do not desire judicial aid.' " *Inland Real Estate Corp. v. Tower Construction Co.*, 174 Ill. App. 3d 421, 425, 528 N.E.2d 421 (1988), quoting *Lynch v. Devine*, 45 Ill. App. 3d 743, 748 (1977).

The question before us is whether, for purposes of this lawsuit, Landau has a legally protected interest in the alleged "oral agreement" between St. Therese and Northern Illinois.

Landau contends it is "clearly threatened with an injury to a legally recognized interest [because] it represented Northern Illinois in reaching the agreement with St. Therese and has been sued by Northern Illinois for legal malpractice alleging as damages a judgment which cannot be collected pursuant to the agreement."

Landau suggests it has "an obvious interest in having the agreement enforced and will be benefitted by the relief it seeks in this action, *since enforcement of the agreement would completely defeat Northern Illinois' pending malpractice claim.*" (Emphasis added.) Landau contends "[u]nless the agreement is enforced, Landau *could be liable* for in excess of $4 million and Northern Illinois will be unjustly enriched in that amount." (Emphasis added.)

Defendants respond that without any factual assertions showing the existence of a contractual relationship between Landau and St. Therese and Northern Illinois, the trial court properly dismissed those counts "premised on the existence of an alleged agreement between St. Therese and [Northern Illinois]." See *Gallagher Corp. v. Steven B. Russ*, 309 Ill. App. 3d 192, 199, 721 N.E.2d 605 (1999) (generally, only a party to a contract, or one in privity with a party, may sue on a contract). We agree.

In *Weihl v. Dixon*, 56 Ill. App. 3d 251, 371 N.E.2d 881 (1977), an attorney sued the Illinois Secretary of State in an action seeking a declaration that a single-shareholder corporation, permitted under Illinois law, need not engage another person to serve as secretary. The court affirmed the trial judge's dismissal of the action on the ground the attorney lacked standing to sue, despite his contention he had many single-shareholder corporate clients. The court said:

> "Moreover, that the instant action involves questions directly affecting the interests of plaintiff's clients can give him no more right, title or interest in the subject matter of the controversy than a physician would have to the body of his patient. No annual report of plaintiff's was refused by defendant but only those of plaintiff's clients. It is they whose rights were allegedly infringed and thus it is they who must seek redress. Plaintiff may not invoke a remedy

on behalf of others who do not seek or desire it. Consequently we find plaintiff lacks standing to bring the instant action." *Weihl*, 56 Ill. App. 3d at 255.

●4 Here, Landau seeks to have St. Therese and Northern Illinois's "rights and obligations declared and enforced to avoid an unjust result." Nothing in the alleged St. Therese/Northern Illinois agreement gives Landau standing to sue. See also *Inland Real Estate Corp.*, 174 Ill. App. 3d at 427, quoting *Wolinsky v. Kadison*, 114 Ill. App. 3d 527, 530 (1983) (standing is meant to " 'preclude persons having no interest in the controversy from bringing suit' ").

Landau was not a party to the alleged St. Therese/Northern Illinois agreement. Moreover, Landau never claimed the alleged St. Therese/Northern Illinois agreement was made for its benefit nor did it ever claim to be a third-party beneficiary to the agreement.

The relationship Landau had with Northern Illinois did not grant any authority to Landau to enforce the alleged St. Therese/Northern Illinois agreement.

If there is a controversy here, it is between St. Therese and Northern Illinois. There may be a time and place to litigate the existence of an "assurance" by Northern Illinois, but this is not it. In short, Landau is not a party to any alleged oral contract and we find no authority that allows him to seek to enforce it. See *Weihl*, 56 Ill. App. 3d at 254.

Landau asks us to delve into the motives of St. Therese and Northern Illinois for behaving the way they have. That is, why the promise to forbear enforcement in the first place? Why not try to enforce the indemnity judgment? Is Landau being set up for an improper windfall judgment?

While the motivational inquiry we are asked to make might be interesting, it would not, in the end, be very useful. In fact, it would deter us from the controlling ultimate fact in this case: the promise, if it exists, is not Landau's to enforce. At least, not here and now.

Landau also urges us to consider section 2—406(b) of the Code (735 ILCS 5/2—406(b) (West 1998)). It contends "standing is also established by the rules governing third-party practice." Since there is no third-party defendant in this case, we fail to see how a rule devised to protect a third-party defendant would apply.

Because each of the four counts of Landau's amended complaint seeks relief based on an alleged oral contract between St. Therese and Northern Illinois, Landau lacks standing with respect to all of the counts in its amended complaint.

## CONCLUSION

We affirm the trial court's grant of St. Therese's and Northern Il-

linois's motions to dismiss the amended complaint because Landau lacks standing to bring this action.

Affirmed.

CERDA and BURKE, JJ., concur.